## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JANE UTAUS-VA DOE** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | **C.A. No. _____** |
| **THE UNIVERSITY OF TEXAS** | § | |
| **AT AUSTIN** | § | |
| **Defendant** | § | |
| | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff "**JANE UTAUS-VA DOE**" to file her "Plaintiff's Original Complaint" as follows:

### A.  NATURE OF THE SUIT

1.    Plaintiff Jane (defined hereafter) is a female. Jane has certain Disabilities (defined hereafter) which have been registered with Defendant UTAustin and Accommodations (defined hereafter) which were agreed to by Defendant UTAustin. Unfortunately, Defendant UTAustin continues to ignore Jane's Accommodations and is discriminating against Jane as a result of Jane's Disabilities. Jane has attempted to resolve informally the issues set forth herein, but has been unsuccessful. Jane has been left with no choice to file this Complaint for damages.

2.     Plaintiff Jane now files this original action for damages pursuant to:

(a)     Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794; and

(b)     Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011); and

3.     Plaintiff "**JANE UTAUS-VA DOE**" ("Jane") is an individual residing in the State of Texas.  Because of the privacy issues involved in this matter and the real and eminent threat of further retaliation by Defendant, Jane is hereby exercising her rights to proceed with this matter anonymously.

4.     The need to protect the identity of Plaintiff Jane does not hinder the defense of this matter by Defendant, for the facts are well known to the Defendant. When applying the applicable tests (created by jurisprudence applicable to this Court) to balance the needed protection of privacy versus any inconvenience to the Defendant, the protection of Jane's privacy prevails.

5.     At such time as the Court might agree on procedures designed (a) to protect the privacy of Plaintiff Jane and (b) to protect Plaintiff Jane from further retaliation, Jane's identity shall be disclosed.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.12.11

6.     Defendant **THE UNIVERSITY OF TEXAS AT AUSTIN**

("UTAustin") is a public university operating in the State of Texas and may be served

with citation by serving Defendant's President as follows:

**The University of Texas at Austin**
**Attn: Gregory L. Fenves 110 Inner Campus Drive**
**Stop G3400**
**Austin, Texas 78712**

**C.  JURISDICTION and VENUE**

7.      The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331

as involving a *federal question* proceeding arising under:

> (a)     Section 504 of the Rehabilitation, Comprehensive
>         Services, and Developmental Disabilities Act of 1978, 29
>         U.S.C. § 794 ("Section 504");  and
>
> (b)     Title II of the Americans with Disabilities Act (ADA), 42
>         U.S.C.A. §§ 12131–50 (2011) ("ADA").

8.     Venue is proper in the Western District of Texas (Austin Division)

because Defendant UTAustin operates its schools in, and from, Austin and Travis

County, Texas, which is within the Western District of Texas.

**B. FACTUAL ALLEGATIONS**

*Who is Plaintiff Jane?*

9.     Plaintiff Jane is a student working on a Master's Degree from Defendant

UTAustin.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.12.11

10.    Before coming to Defendant UTAustin, Plaintiff Jane graduated from Montana State University as a McNair Scholar.

11.    McNair Scholars is a federal program by the US Department of Education designed to prepare students for doctoral studies.

12.    Participants in the McNair Scholars program are first generation college students with financial need or members of a group that is traditionally underrepresented. The goal of the McNair Scholars Program is to increase the number of graduate degrees awarded to students from underrepresented segments of society.

13.    Plaintiff Jane's goal since high school has been to pursue her PhD in Art History.

14.    Plaintiff Jane applied for admission at Defendant UTAustin because in 2015, Defendant UTAustin was rated in the Top 10 universities for Art History programs.

15.    Upon enrollment in Defendant UTAustin, Plaintiff Jane took the necessary steps to register for accommodations due to Jane's federally recognized disabilities ("Jane's Disabilities") as allowed by Jane's Section 504 rights. As a result, Jane was granted certain "Accommodations." *See* Exhibits One and Two attached hereto and incorporated herein for all purposes.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.12.11

16.     Rather than truly acknowledging Plaintiff Jane's Disabilities, Defendant UTAustin pursued a path of failed Accommodations that has resulted in severe harm to Jane's personal and educational efforts.

17.     Plaintiff Jane's trouble with Defendant UTAustin increased dramatically after Jane returned from an approved leave of absence.

18.     After Plaintiff Jane returned from medical leave and rejoined her program, Jane was harassed and discriminated against by the financial aid office and Jane's professors.  During this time, she was also directed by a campus doctor to take toxic levels of iodine as a course of medical treatment following Jane's recent return from medical leave.

19.     As a result of such actions, Plaintiff Jane was spending a vast amount of time coordinating between various offices to get information requested by Defendant's  financial aid department (including confidential medical documents)

20.     Because Defendant UTAustin's financial aid office saw the words "mental health" as one of the reasons for Plaintiff Jane's medical leave of absence, said office undertook an improper review to determine if Plaintiff Jane was healthy enough to receive aid and continue classes with Defendant. In other words, Defendant UTAustin wanted to make its own independent and illegal evaluation into Jane's Disabilities.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.12.11

21.     As a result, Plaintiff Jane was then having to coordinate multiple weekly doctor appointments, a part time job, class attendance, and homework. All the while, Jane's health was decreasing drastically.

22.     Plaintiff Jane had to quit her part time job and take incompletes for classes in order to finish her work.  Such incompletes have been a constant struggle with the financial aid department and her professors each semester, even though they are Accommodations that Jane is allowed.

23.     Plaintiff Jane was referred to a specialist who determined that the unsafe amount of iodine Jane had been directed to take (by employees of Defendant UTAustin) was poisoning Jane and caused her to develop Hashimoto's Thyroiditis (an autoimmune disease) being another disability to add to Jane's Disabilities.

24.     As a direct result of the iodine, Plaintiff Jane's Disabilities issues have since multiplied to include, but not limited to:

(a)     Thyroid nodule growth, triggering Hashimoto's;

(b)      Chronic Fatigue Syndrome;

(c)     6+ migraines per month;

(d)     Digestive sensitivity (IBS);

(e)     40+ food/ingredient sensitivities;

(f)     Current infertility due to thyroid disease (may be long term);

**PLAINTIFF'S ORIGINAL COMPLAINT**

6

(g)     Crippling anxiety, stress and panic attacks;

(h)     Chronic pain and inflammation;

(i)     Disturbed sleep; and

(j)     Impaired cognition.

25.     Defendant UTAustin's foregoing acts as to Plaintiff Jane's Disabilities have resulted in far reaching negative impacts into Jane's studies with Defendant, including but not being limited to the following:

(a)     the destruction of Jane's educational and professional standing within Jane's department among both professors and peers;

(b)     forced Jane to decline acceptance into a prestigious summer language school;

(c)     a drastic reduction in Jane's performance resulting in lower grades;

(d)     jeopardized Jane's future of career progression; and

(e)     endangered Jane's entire investment of time and money into her education with Defendant.

26.     In summary, Defendant UTAustin's actions because of Jane's Disabilities denied Plaintiff Jane the right and, then, the ability to pursue the same

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.12.11

opportunities available to others. As a result, Plaintiff Jane has been stigmatized and scarred with Jane's professors and department, despite being approved for Accommodations due to Jane's Disabilities.

27.    Plaintiff Jane's career field is highly competitive, small, and elitist; only the best succeed.

28.    Without positive recommendations from Plaintiff Jane's professors, who are highly acclaimed throughout the art history world, Jane's higher educational aspirations and future career goals come to a grinding stop. Based on the current view held by Jane's professors, because of Jane's Disabilities, such references are most unlikely.

29.    Even Plaintiff Jane's finishing the program and getting a Master's Degree from Defendant UTAustin will not make Jane eligible for most jobs in this field.

30.    Plaintiff Jane's intelligence and discipline are not the issue impeding Jane's progress, but rather the dampening effect of Jane's Disabilities (now including chronic illness, chronic anxiety, fatigue and pain) which have resulted in Defendant UTAustin viewing Jane as a failure, rather than the hero Jane truly is to continue the fight.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.12.11

31.    Most regrettably, Defendant UTAustin continues (a) to not provide the Accommodations that Plaintiff Jane is legally entitled to, and (b) to take actions against Jane because of Jane's Disabilities (hereafter, the foregoing shall be collectively referred to as the "Denials.")

32.    With Defendant UTAustin's Denials, Plaintiff Jane's graduation with Jane's Master's Degree is continually at risk. For the purposes of this matter, Defendant UTAustin's Denials because of Jane's Disabilities and Defendant UTAustin's failure to provide Plaintiff Jane's Accommodations shall be collectively referred to hereafter as the "Violations."

### *Harm to Jane.*

33.    Plaintiff Jane has suffered severe physical, emotional, and economic harm as a result of the Violations committed by Defendant UTAustin and shall suffer future physical, emotional, and economic harm.

34.    The effects of the Violations upon Plaintiff Jane have severely impacted Jane in many personal and physical manifestations, including but not being limited to:

> (a)    increased food and medication costs due to sensitivities/allergies;
>
> (b)    a limited availability of sensitivity friendly health

products;

(c)     unpredictable digestive issues limit diet, food availability,
        and social/travel options;

(d)     exponentially increased stress and anxiety;

(e)     greater emotional and relationship strain;

(f)     increased medical treatment and therapy appointments;

(g)     increased medical costs; and

(h)     a loss of ability to enjoy the same life opportunities
        reasonably available to all others.

35.     The harmful results being suffered by Plaintiff Jane caused by of the
Violations include but are not being limited to:

(a)     an extreme and wrongful compromise of Jane's current
        and future health;

(b)     a jeopardized educational investment of Jane's time and
        money;

(c)     the deprivation of Jane's chance to enjoy the same
        opportunities as others;

(d)     a radically increased financial burden;

(e)     an increased frequency of doctor visits;

**PLAINTIFF'S ORIGINAL COMPLAINT**

10

(f)    an increase frequency of specialists visits;

(g)    an increase of non-insurance covered medical treatments
       (chiropractor);

(h)    an increased food and natural supplement costs;

(i)    an increased cost for allergy friendly health products;

(j)    possible long term infertility;

(k)    medication changes with cost increases;

(l)    increased therapy and counselling sessions and costs;

(m)    limited personal and professional travel opportunities
       which are key for a career that performs abroad;

(n)    limited social opportunity;

(o)    chronic pain and fatigue;

(p)    chronic stress and anxiety;

(q)    limited general activity;

(r)    impaired cognition;

(s)    increased required amount of sleep;

(t)    no known course of treatment to cure autoimmune disease;
       and

(u)    an increased risk of developing additional autoimmune

diseases.

36.     The Violations committed by Defendant as to Plaintiff Jane were intentional and in bad faith, made with full knowledge that the damage to Plaintiff Jane would follow Jane for the rest of Jane's life, constituting conscious indifference by Defendant UTAustin.

### *Defendant's Action Under the Color of State Law.*

37.     The administrators, participating in Defendant UTAustin's Violations as to Plaintiff Jane, are the applicable persons delegated with implementing and were implementing the policies and customs of Defendant UTAustin when committing the Violations of Plaintiff Jane.

38.     Further, if such policies are not, in fact written, each of the administrators participating in Defendant UTAustin's Violations as to Plaintiff Jane were implementing the policies and customs of Defendant UTAustin in accord with the customs and practices of Defendant UTAustin.

### *Administrative Remedies.*

39.     There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiff Jane. Even if such Preconditions did exist, the actions of Defendant have shown that such efforts would be futile or are otherwise moot.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                          12

tpg 2019.12.11

40.    As a result of Defendant's Violations targeted at Plaintiff Jane, Plaintiff Jane was forced to engage an attorney and pursue this action to redress such wrongs.

41.    All conditions precedent to Plaintiff Jane bringing these claims have been met.

### E.  PLAINTIFF'S CAUSES OF ACTION

42.    Plaintiff Jane incorporates by reference the facts set forth in Article D: FACTUAL ALLEGATIONS hereof.

### COUNT ONE: SECTION 504 VIOLATIONS

43.    As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UTAustin falls under the jurisdiction and requirements of Section 504.

44.    As mandated by Section 504, Defendant UTAustin is prohibited from discriminating against students having been diagnosed with various disabilities.

45.    Plaintiff Jane's Disabilities qualify as disabilities covered by Section 504, and Defendant UTAustin's Violations against Jane are direct violations of Section 504.

46.    Defendant UTAustin's Violations against Plaintiff Jane in violation of Section 504 have caused Plaintiff Jane to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.12.11

compensatory damages, for which Plaintiff Jane now sues in accord with Section 504.

47.    Defendant UTAustin's  Violations against Plaintiff Jane  in  violation of  Section 504 have caused Plaintiff Jane to suffer mental and emotional distress and  damages,  including  all  actual,  consequential,  continuing,  and  future compensatory damages, for which Plaintiff Jane now sues in accord with Section 504.

## COUNT TWO: ADA VIOLATIONS

48.    As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UTAustin falls under the jurisdiction and requirements of the ADA.

49.    As  mandated  by  the  ADA,  Defendant  UTAustin  is  prohibited  from discriminating against students having been diagnosed with various disabilities.

50.    Plaintiff Jane's Disabilities qualify as disabilities covered by the ADA, and Defendant UTAustin's Violations against Jane are direct violations of Section 504.

51.    Defendant UTAustin's  Violations against Plaintiff Jane  in  violation of the ADA have caused Plaintiff Jane to suffer a loss of benefits and created economic losses,  including  all  actual,  consequential,  continuing,  and  future   compensatory damages, for which Plaintiff Jane now sues in accord with the ADA.

14

**PLAINTIFF'S ORIGINAL COMPLAINT**

52.     Defendant UTAustin's  Violations against Plaintiff Jane  in  violation of  the ADA have caused Plaintiff Jane to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with the ADA.

## COUNT THREE: POST JUDGMENT INTEREST

53.     Plaintiff Jane also requests post judgment interest as may be allowed by applicable law.

## COUNT FOUR: ATTORNEYS' FEES

54.     Plaintiff Jane should be awarded Jane's reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## F.     REQUEST FOR JURY

55.     Plaintiff Jane hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

## G.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane prays that: summons be issued upon Defendant; upon final trial hereof, that judgment be entered in favor of Plaintiff Jane for the actual and consequential damages set forth herein including post judgment interest; that Plaintiff Jane be reimbursed her reasonable and necessary attorneys'

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.12.11

fees required to bring this matter; all costs of Court be taxed against Defendant; and

that Plaintiff Jane have such further and other relief, general and special, both at law

or in equity, to which he may show herself to be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

By:_____

Terry P Gorman, Esq.
Texas Bar No. 08218200
tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512)-980-4556
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF**
**JANE UTAUS-VA DOE**

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.12.11

# EXHIBIT ONE



**DIVISION OF DIVERSITY AND COMMUNITY ENGAGEMENT**
THE UNIVERSITY OF TEXAS AT AUSTIN

*Services for Students with Disabilities • 100 West Dean Keeton St. A4100 • Austin, TX 78712-1093*
*ddce.utexas.edu/disability • (512) 471-6259 • FAX (512) 475-7730 • VP (512) 410-6644*

June 19, 2017

Re: ███████ ███████          EID: ███████

To Whom It May Concern:

████ ████████ has requested that I forward information to you verifying her accommodation history at The University of Texas at Austin. ███████ presented documentation of a disability and registered with the Division of Diversity and Community Engagement - Services for Students with Disabilities on October 15, 2015. Services for Students with Disabilities approved the following accommodations for the duration of her graduate career:

- Extended time (1.5x) for test taking and work completed in class, unless speed is the factor being tested
- Test location in a reduced distraction environment
- Permission to discuss possibility of flexibility with attendance. Final determination made by instructor based on the structure of the course.
- Permission to discuss approach instructor to discuss flexible deadlines. Final determination made by instructor based on the structure of the course.
- Permission to audio tape lecture
- Course load reduction
- Kurzweil software

If you have any questions please contact me at ███████████

Sincerely,

███ ███ ███ ███

# EXHIBIT TWO



**FAMILY PRACTICE**

Integrative  Medicine  and Total  Wellness

January 23, 2019

RE:     LETTER OF MEDICAL NECESSITY
        Patient: █████████████
        Date of Birth: █████████

To  Whom  It  May  Concern:

This letter serves as documentation that we have been actively managing and
monitoring ███████████ health, including her Hashimoto's disease.

Please  contact  me  if  you  have  any  questions.

Sincerely,