IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE UTAUS-VA DOE,<br>    *Plaintiff,* | § <br> § <br> § | |
| v. | § <br> § | Civil Action No. 1:19-cv-01202-RP |
| THE UNIVERSITY OF TEXAS<br>AT AUSTIN<br>    *Defendant.* | § <br> § | |

**DEFENDANT'S UNOPPOSED MOTION FOR MORE DEFINITE STATEMENT AND/OR OPPOSED MOTION TO REQUIRE PLAINTIFF TO USE HER TRUE NAME**

Defendant, The University of Texas at Austin ("Defendant" or "UT Austin"), files this unopposed Motion for More Definite Statement, pursuant to Federal Rules of Civil Procedure 12(e), and/or opposed Motion to Require Plaintiff to Use her True Name. In support of its motions, UT Austin respectfully shows the Court as follows:

### I.   MOTION FOR MORE DEFINITE STATEMENT

Rule 12(e) of the Federal Rules of Civil Procedure permits a party to move for a more definite statement before filing a responsive pleading to a complaint when the complaint is so vague or ambiguous that a party cannot reasonably be required to frame a response. *Sisk v. Texas Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)."). The Federal Rules of Civil Procedure require notice pleading under Rule 8(a), and a pleading is sufficient if it includes a short statement of the claim showing that the filing party is entitled to relief. FED. R. CIV. P. 8(a)(2). Notice pleading requires adequate facts that give rise to a claim that is plausible on its face. *Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678 (2009). A claim is plausible on its face when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* Although a pleading may contain enough facts to state a sufficient legal claim, a motion for a more definite statement is appropriate if the opposing party cannot respond to the pleading, even with a straightforward denial, in good faith or without prejudice to himself. *Sefton v. Jew,* 204 F.R.D. 104, 106 (W.D. Tex. 2000).

The two primary purposes for a motion for a more definite statement are to correct a pleading that is either: (1) vague or (2) unintelligible. *See id.* A pleading is vague if it lacks enough detail for the opposing party to reasonably prepare a response. *Hodges v. Sloan Const.,* No. 7:13-CV-01799-JMC, 2013 WL 6903755, at *4 (D.S.C. Dec. 31, 2013). A pleading is unintelligible if it does not set forth issues for the opposing party to respond to in a point by point manner. *Davenport v. Rodriguez,* 147 F.Supp.2d 630, 639 (S.D. Tex. 2001).

Plaintiff, Jane UTAUS-VA Doe, filed her Original Complaint on December 11, 2019. **Dkt. 1.** The Original Complaint is vague and unintelligible because it lacks essential facts to allow UT Austin to prepare and respond to her claims. UT Austin cannot respond to the allegations in the Original Complaint because it lacks facts concerning (1) Plaintiff's identity; (2) the alleged conduct by UT Austin Plaintiff alleges violated Title II of the ADA and the Rehabilitation Act; and (3) when the alleged conduct occurred.

Most notably, the Original Complaint does not identify the Plaintiff by name, and UT Austin does not know the identity of the Plaintiff in order to properly respond to the allegations in the lawsuit. Due to the lack of identity, UT Austin cannot even respond with a straightforward denial in good faith or without prejudice to itself. *Sefton,* 204 F.R.D. at 106. Counsel for plaintiff

has indicated that he opposes disclosure of Plaintiff's identity to UT Austin.[1] Without any certainty regarding the identity of the Plaintiff, the specific complained-of actions that UT Austin allegedly committed, or the dates upon which the alleged conduct occurred, UT Austin cannot respond to the allegations in the Original Complaint or verify that certain essential jurisdictional facts have been established. The omission of this essential information by the Plaintiff makes it impossible for UT Austin to investigate the allegations and prepare a full defense that might include any appropriate challenges to jurisdiction.

For instance, UT Austin cannot determine when the claims asserted in the Original Complaint accrued and whether the suit has been filed beyond the statute of limitations. The statute of limitations for Plaintiff's ADA and Rehabilitation Act claims is two years. *See Holmes v. Texas A&M Univ.,* 145 F.3d 681, 683–84 (5th Cir. 1998) (applying Texas's two-year statute of limitations for personal injury claims to Title II cases filed in Texas federal courts); *see also Hickey v. Irving Indep. Sch. Dist.,* 976 F.2d 980, 983 (5th Cir.1992) (applying Texas's two-year limitations period to the plaintiff's Rehabilitation Act claim). Accordingly, any claimed actions that occurred prior to December 11, 2017 are time-barred. Notably, Exhibit One indicates that Plaintiff presented documentation of a disability and registered with the Division of Diversity and Community Engagement – Services for Students with Disabilities at UT Austin on October 15, 2015. **Dkt. 1, 17.** Thus, without more specific information, it is possible that Plaintiff's claims occurred prior to December 11, 2017, and must be dismissed for lack of subject matter jurisdiction.

The omitted facts are critical to preliminary determinations of jurisdiction. As a result, UT Austin is hamstrung in its ability to file a responsive pleading or a point-by-point answer to

---

[1] Plaintiff's counsel does not oppose the motion for a more definite statement to the extent that UT Austin requests additional facts regarding (1) the alleged conduct by UT Austin that Plaintiff alleges violated Title II of the ADA and the Rehabilitation Act; and (2) when the alleged conduct occurred. *See* certificate of conference.

Plaintiff's Original Complaint. Accordingly, UT Austin seeks a more definite statement of the allegations prior to responding to them.

## II.     MOTION TO REQUIRE PLAINTIFF TO USE HER TRUE NAME.

Plaintiff's omission of her name from the pleadings, and refusal to disclose her identity, is also contrary to the Federal Rules of Civil Procedure, which require that plaintiffs disclose their names in a complaint commencing a civil action. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (citing FED. R. CIV. P. 10(a)). Rule 17 also provides that "[e]very action shall be prosecuted in the name of the real party in interest." FED. R. CIV. P. l7(a). In general, courts disfavor the use of pseudonyms for court filings. This is in recognition that "public access to this information is more than a customary procedural formality," as First Amendment guarantees are implicated whenever public scrutiny of judicial proceedings is restricted. *Stegall,* 653 F.2d at 185 (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 & n.17 (1980)). The rule against pseudonyms "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992).

There is a strong presumption in favor of parties proceeding in their own names, and "it is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Beaumont Indep. Sch. Dist.*, 172 F.R.D. 215, 216 (E.D. Tex. 1997). *See Stegall*, 653 F.2d at 186 ("The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity."). Appellate courts have noted that "[i]dentifying the parties to the proceeding is an important dimension of publicness" and that "[t]he people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see Raiser v. Church of Jesus Christ of Latter–Day Saints*, 182 Fed. Appx. 810, 811 (10th Cir. 2006).

Against this backdrop, the Fifth Circuit has noted that the ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Stegall*, 653 F.2d at 186. Although not a rigid test, three factors are commonly present in cases permitting party anonymity: "(1) plaintiffs seeking anonymity [are] suing to challenge governmental activity; (2) prosecution of the suit compels plaintiffs to disclose information of the utmost intimacy; and (3) plaintiffs [are] compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.*

Plaintiff did not seek permission from this Court to undertake the extraordinary step of proceeding under a pseudonym. Moreover, Plaintiff has not articulated any proper basis justifying her anonymity. Because the allegations in the Original Complaint do not involve either a challenge to a government action or criminal activity, Plaintiff must show that her suit requires the disclosure of information "of the utmost intimacy." *Stegall*, 653 F.2d at 186. This is a high bar, and Plaintiff has not met it. Courts in the Fifth Circuit considering this issue have found that information is of such a "sensitive and highly personal" nature as to weigh in favor of party anonymity when it involves matters such as abortion, prayer and personal religious beliefs, or allegations of rape and sexual assault. *See Doe v. El Paso County Hosp. Dist.*, No. 13-cv-00406, 2015 WL 1507840, at *4 (W.D. Tex. Apr. 1, 2015) (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); *Roe v. Patterson*, 2019 WL 2407380, *3-4 (E.D. Tex. June 3, 2019) (collecting cases). There are simply no allegations of this nature contained in Plaintiff's Original Complaint. Moreover, Plaintiff's vague descriptions of her disabilities do not rise to the level of "utmost intimacy" to make this an "exceptional case" in which she can go forward with her lawsuit anonymously.

As an initial matter, this is not the first time that Plaintiff's counsel has attempted to proceed with litigating a case with an anonymous plaintiff. *See, e.g.,* Exhibit A (list of 31 cases filed by Plaintiff's counsel). Nor is this the first time that a court has had to address the exact same reasons Plaintiff's counsel asserts here for why the court should allow the plaintiff not to reveal her true name. Each time a court has addressed this issue, the court has denied Plaintiff's counsel the ability to proceed with an anonymous plaintiff. *See, e.g., Jon Tsuw-Jm Doe v. Tarleton State University-Waco*, Civil Action No. 6:19-cv-00373-ADA-JCM, Dkt. 8, at 6 n.5 (holding that "[w]hile the Court recognizes Plaintiff's disabilities are of a sensitive and personal matter, it does not rise to the level of compelling enough to outweigh the presumption of openness in judicial proceedings."); *Doe v. Univ. of the Incarnate Word*, SA-19-CV-957-XR, 2019 WL 6727875, at *2-4 (W.D. Tex. Dec. 10, 2019) (holding that without establishing a need to proceed anonymously, basic fairness dictates that plaintiff must proceed under her real name).

Although Plaintiff's legal counsel has been put on notice by other courts that he cannot proceed with a lawsuit without revealing the true name of his plaintiff-client, he continues to use this same tactic and same pleaded language in the instant case. Plaintiff asserts that "[b]ecause of privacy issues involved in this matter and the real and eminent threat of further retaliation by Defendant, Jane [UTAUS-VA Doe] is hereby exercising her rights to proceed with this matter anonymously." **Dkt. 1,** ¶ 3. But Plaintiff has no such right. And other courts have duly held that this is not an established basis for proceeding with anonymity. *See Jon Tsuw-Jm Doe*, Civil Action No. 6:19-cv-00373-ADA-JCM, Dkt. 8, at 6; *Univ. of the Incarnate Word*, 2019 WL 6727875, at *2. Plaintiff has not pleaded any facts that she genuinely faces any retaliation by UT Austin. Moreover, Plaintiff concedes that "the facts are well known to the Defendant." **Dkt. 1,** ¶ 4. In *Univ. of the Incarnate Word,* the court found that this exact language, without more, provided the court

with no basis to find that the plaintiff faced any possible retaliation for proceeding under her name. 2019 WL 6727875, at *4. "[W]hen a plaintiff does not claim any greater threat of retaliation than any typical plaintiff, there is no compelling need to grant leave to proceed anonymously." *Id.* (citing *Wynne & Jaffe,* 599 F.2d at 713). Accordingly, the Court here should similarly require Plaintiff to proceed with her true name.

Further, general assertions of embarrassment or reputational harm are insufficient to warrant party anonymity. *See Wynne & Jaffe*, 599 F.2d at 713-714 (vulnerability to retaliation from prospective employers does not justify party anonymity); *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267-68 (E.D. Tex. 2007) ("The fact that a party may suffer some personal embarrassment or humiliation, standing alone, is insufficient to justify the use of a pseudonym."). Moreover, permitting Plaintiff to proceed under a pseudonym is contrary to principles of fundamental fairness. Especially where a party in a civil case "brings [an] action of [his] own volition to vindicate [his] own interests, . . . fairness usually dictates that such a plaintiff stand behind [his] charges publicly." *Rose*, 240 F.R.D. at 267-268.

In her Original Complaint, Plaintiff accuses the university of continuously ignoring and/or denying accommodations, discriminating against her because of her alleged disabilities, accuses the university of improperly reviewing and evaluating her alleged disabilities, and accuses the campus doctor of prescribing toxic levels of iodine that resulted in the development of Hashimoto's Thyroiditis and a long list of other disabilities. The Original Complaint also seeks damages of $1,000,000. *See* Docket, Civil Action No. 1:19-cv-01202-RP. These are serious allegations lodged at the academic institution. As a result, fundamental fairness demands that Plaintiff not be allowed to cast these aspersions against UT Austin while hiding behind a pseudonym. *See, Rose* 240 F.R.D. at 268. To permit Plaintiff to prosecute this case anonymously

places UT Austin at a serious disadvantage, "for they would be required to defend themselves in the public arena while [the plaintiff] could hurl accusations at them from behind the 'cloak of anonymity'" *Id.* (citing *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)). UT Austin requests that this Court require Plaintiff to stand publicly behind these accusations, especially considering that they are made in pursuit of monetary relief only. *Id.*

Plaintiff has not demonstrated a compelling privacy interest or special circumstance to overcome the constitutional presumption of openness in judicial proceedings. Accordingly, basic fairness dictates that Plaintiff must proceed under her real name. *See Jon Tsuw-Jm Doe*, Civil Action No. 6:19-cv-00373-ADA-JCM, Dkt. 8, at 6 (holding that basic fairness requires plaintiff to proceed under his real name since he did not establish a need to proceed anonymously).

### III. CONCLUSION

For these reasons, Defendant UT Austin respectfully requests that the Court grant its Motion for More Definite Statement and require Plaintiff to amend her complaint to disclose her true name and provide specific information as to the alleged complained-of actions and dates for these allegations. Defendant UT Austin also respectfully requests that this Court grant its Motion to Require Plaintiff to Use her True Name throughout this litigation. Defendant further requests that any proceedings in this case be delayed pending a ruling from this Court on these matters.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

>THOMAS A. ALBRIGHT
>Chief - General Litigation Division
>
>/s/ Summer R. Lee
>**SUMMER R. LEE**
>Texas Bar No. 24046283
>Assistant Attorney General
>General Litigation Division
>P.O. Box 12548, Capitol Station
>Austin, Texas 78711-2548
>(512) 475-4031/FAX (512) 474-2697
>summer.lee@oag.texas.gov
>**ATTORNEYS FOR DEFENDANT THE
>UNIVERSITY OF TEXAS AT AUSTIN**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on the 5th day of March, 2020, the undersigned counsel contacted Plaintiff's counsel, Terry Gorman, via email to discuss the contents of this motion and Mr. Gorman indicated that he is unopposed to the motion for a more definite statement, but that he is opposed to providing Plaintiff's true name at this time.

>/s/ Summer R. Lee
>**SUMMER R. LEE**
>Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served through CM/ECF filing, on this the **6th day of March, 2020**, upon the following individuals:

Terry P. Gorman, Esq.
Gorman Law Firm, pllc
tgorman@school-law.co
*Attorney for Plaintiffs*

>/s/ Summer R. Lee
>**SUMMER R. LEE**
>Assistant Attorney General