IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE UTAUS-VA DOE, | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-1202-RP |
| THE UNIVERSITY OF TEXAS AT AUSTIN, | § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant The University of Texas at Austin's ("UT") Unopposed Motion for More Definite Statement and/or Opposed Motion to Require Plaintiff to Use Her True Name.[1] (Dkt. 4). Though UT states that Plaintiff Jane UTAUS-VA Doe ("Doe") indicated, via counsel, that she was opposed to the latter motion, (*id.* at 9), she did not respond to it within the applicable period, though she did respond later. (Resp., Dkt. 5; Notice of Electronic Filing, Dkt. 5). *See* W.D. Tex. Loc. R. CV-7(e)(2) ("A response to a nondispositive motion shall be filed not later than 7 days after the filing of the motion."). Doe did not request an extension of time to respond.[2]

---

[1] It is not clear, from its use of "and/or," whether UT's requests are made independently or in the alternative. The Court construes its filing as requesting both a more definite statement and for Doe to use her true name. (*See, e.g.*, Proposed Order, Dkt. 4-2).

[2] Doe's response was due March 13, 2020. *See* W.D. Tex. Loc. R. CV-7(e)(2). The Court posted its first Notice concerning the COVID-19 pandemic on March 12, 2020. Coronavirus Disease 2019 (COVID-19) Notice (W.D. Tex. filed March 12, 2020), https://www.txwd.uscourts.gov/2020/03/12/coronavirus-disease-2019-covid-19-notice/. The next day—the response due date—the Court posted its first Order concerning modified court operations. Order Regarding Court Operations under the Exigent Circumstances Created by the COVID-19 Pandemic (W.D. Tex. filed Mar. 13, 2020), https://www.txwd.uscourts.gov/wp-content/uploads/2020/03/Order-Re-COVID-19.pdf (March 13 Order). The March 13, 2020, Order did not continue deadlines in civil cases besides trial settings and noted that the Court remained open for business and that litigants could continue to file electronically.

The Court understands that the exigent circumstances the pandemic has created may affect the timeliness of civil litigation. However, even given these circumstances, Doe was able to request an extension of time to respond but chose not to do so.

1

In her response, Doe does not articulate any cause for the late filing or any excusable neglect justification. (*See* Resp., Dkt. 5). So, "in order to receive the [response] here, the District Court would have . . . to regard the very filing of the late document as the 'motion made' to file it; it would have . . . to interpret 'cause shown' to mean merely 'cause,' since [Doe] made no 'showing' of cause at all; and finally, it would have . . . to find as a substantive matter that there was indeed 'cause' for the late filing, and that the failure to file on time 'was the result of excusable neglect.'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 897 (1990) (quoting Fed. R. Civ. P. 6(b)(1) (1999) (amended 2001)); *see generally* Fed. R. Civ. P. 6 advisory committee's comment on 2007 amendment (explaining changes to rule's exact wording since *Lujan* were "intended to be stylistic only").

Doe "made no request to extend the time to file [her] response before the [ultimate] deadline" and "did not file a motion for an extension arguing excusable neglect." *Kitchen v. BASF*, No. 18-41119, 2020 WL 964371, at *4 (5th Cir. Feb. 28, 2020). Consequently, the Court has discretion to refuse to accept the response. *Cf id.* (citing *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 (5th Cir. 2006)) ("[A] district court has discretion to refuse to accept a party's dilatory response to a motion for summary judgment, even if the court acknowledges reading the response, and has discretion to deny extending the deadline when no excusable neglect is shown."); *see also Alston v. Mississippi Dep't of Transportation*, No. 19-60583, 2020 WL 747222, at *2 (5th Cir. Feb. 13, 2020) (quoting *Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019)) ("District courts must have the power to control their dockets by holding litigants to a schedule."). Here, the Court cannot "overcome all the obstacles" to accepting a late response that the Supreme Court has outlined. *Lujan*, 497 U.S. at 898.

Accordingly, the Court will grant UT's motions as unopposed. *See* W.D. Tex. Loc. R. CV-7(e)(2) ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.").

**IT IS ORDERED** that UT's Unopposed Motion for More Definite Statement and Opposed Motion to Require Plaintiff to Use Her True Name, (Dkt. 4), are **GRANTED**.

**IT IS FURTHER ORDERED** that Doe file a more definite statement on or before **April 7, 2020**. *See* Fed. R. Civ. P. 12(e).

**IT IS FINALLY ORDERED** that Doe file an advisory with the Court providing her name on or before **March 31, 2020**.

**SIGNED** on March 24, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE