# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **AMANDA VALENZUELA,** | § | |
| **Plaintiff** | § | |
| **vs.** | § | |
| | § | **C.A. No. 1:19-cv-01202-RP** |
| **THE UNIVERSITY OF TEXAS** | § | |
| **AT AUSTIN** | § | |
| **Defendant** | § | |

_____

## PLAINTIFF'S FIRST-AMENDED COMPLAINT

COMES NOW, Plaintiff AMANDA VALENZUELA to file this "PLAINTIFF'S FIRST-AMENDED COMPLAINT" as follows:

## PROCEDURAL NOTE

On March 24, 2020, this Court entered its:

### ORDER

(*Dkt. # 6*) granting the Motion for a More Definitive Statement (*Dkt. # 4*) filed by Defendant UTAustin (defined hereafter). In accord with the Order and the extension of certain deadlines granted by the Court, Plaintiff Amanda now files this PLAINTIFF'S FIRST-AMENDED COMPLAINT" ("Complaint").

## A. NATURE OF THE SUIT

1.      Plaintiff Amanda (defined hereafter) is a female. Amanda has certain Disabilities (defined hereafter) which have been registered with Defendant UTAustin and Accommodations (defined hereafter) which were agreed to by Defendant

**PLAINTIFF'S FIRST-AMENDED COMPLAINT**                                    1

UTAustin. Unfortunately, Defendant UTAustin continues to discriminate against Amanda as a result of Amanda's Disabilities. Amanda has attempted to resolve informally the issues set forth herein, but has been unsuccessful. Amanda has been left with no choice to file this Complaint for damages.

2.     Although some of the acts and omissions of Defendant UTAustin towards Plaintiff Amanda may have occurred several years ago, the compilation of all such wrongful acts and omissions have resulted in a present day *stay* placed in effect by Defendant UTAustin as to all any future educational opportunities for Amanda (hereafter, the "UTAustin Block").

3.     As a result of the UTAustin Block, Plaintiff Amanda now files this original action for damages pursuant to:

>   (a)   Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794; and
>
>   (b)   Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011).

4.     Plaintiff **AMANDA VALENZUELA** ("Amanda") is an individual residing in the State of Texas.

5.     Defendant **THE UNIVERSITY OF TEXAS AT AUSTIN** ("UTAustin") is a public university operating in the State of Texas, has previously

been served with a summons for this matter, and has made an appearance herein.

Defendant UTAustin receives funds from the United States.

## C.  <u>JURISDICTION and VENUE</u>

6.     The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331

as involving a *federal question* proceeding arising under:

    (a)   Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794 ("Section 504"); and

    (b)   Title II of the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12131–50 (2011) ("ADA").

7.    Venue is proper in the Western District of Texas (Austin Division)

because Defendant UTAustin operates its schools in, and from, Austin and Travis

County, Texas, which is within the Western District of Texas.

## B. <u>FACTUAL ALLEGATIONS</u>

### *Who is Plaintiff Amanda?*

8.    Plaintiff Amanda is a student working on a Master's Degree from

Defendant UTAustin in Art History.

9.    Before coming to Defendant UTAustin in 2015, Plaintiff Amanda

graduated from Montana State University as a McNair Scholar along with a

Bachelor's Degree in French.

10.     McNair Scholars is a federal program by the US Department of Education designed to prepare students for doctoral studies.

11.     Participants in the McNair Scholars program are first generation college students with financial need or members of a group that is traditionally underrepresented. The goal of the McNair Scholars Program is to increase the number of graduate degrees awarded to students from underrepresented segments of society.

12.     Plaintiff Amanda's goal since high school has been to pursue her PhD in Art History.

13.     Plaintiff Amanda applied for admission at Defendant UTAustin because in 2015, Defendant UTAustin was rated in the Top 10 universities for Art History programs.

14.     Upon enrollment in Defendant UTAustin, Plaintiff Amanda took the necessary steps to register for accommodations (in 2015) due to Amanda's federally recognized disabilities ("Amanda's Disabilities") as allowed by Amanda's Section 504 rights. As a result, Amanda was granted certain "Accommodations." *See* Exhibits One and Two attached hereto and incorporated herein for all purposes.

15.     As a result of Plaintiff Amanda's Disabilities and generally poor health, Amanda was approved for, and took, a medical leave of absence ("MLOA") from her studies in late 2015.

**PLAINTIFF'S FIRST-AMENDED COMPLAINT**                                           4

16.     Plaintiff Amanda's MLOA continued until Amanda's return to her studies in August 2016.

17.     Plaintiff Amanda's troubles with Defendant UTAustin increased dramatically after Amanda returned from her MLOA.

18.     The financial aid department at Defendant UTAustin started challenging whether Plaintiff Amanda still "qualified" for financial aid because of her MLOA.

19.     Because Defendant UTAustin's financial aid office saw the words "mental health" as one of the reasons for Plaintiff Amanda's MLOA, said office undertook an improper review to determine if Plaintiff Amanda was healthy enough to receive aid and continue classes with Defendant. In other words, Defendant UTAustin wanted to make its own independent and illegal evaluation into Amanda's Disabilities.

20.     Simultaneously with having to deal with the discriminatory attitudes of the financial aid department at Defendant UTAustin, in February of 2017, Plaintiff Amanda's physical condition was severely worsened when a physician at the Health Center of Defendant UTAustin committed medical malpractice and recommended a medication regimen for Amanda of toxic levels of iodine ("University Caused Injury").

**PLAINTIFF'S FIRST-AMENDED COMPLAINT**                                         5

21.     As a result of the discriminatory actions of the financial aid department and as a consequence of the University Caused Injury, Plaintiff Amanda was forced to spend a vast amount of time coordinating between various offices (in the Spring of 2017) to get information requested by Defendant's financial aid department (including confidential medical documents).

22.     Plaintiff Amanda (in the Spring of 2017) was also having to coordinate multiple weekly doctor appointments (as a result of the University Caused Injury), a part time job, class attendance, and homework. All the while, Amanda's health was decreasing drastically.

23.     In the Spring of 2017, Plaintiff Amanda had to quit her part time job and take incompletes for classes in order to finish the limited amount of course work she was capable of completing.

24.     From the Spring of 2017 through the present, such incompletes have created a constant struggle with the financial aid department and professors within Amanda's Art History department.

25.     By May 2017, Plaintiff Amanda had been referred to a specialist who determined that the unsafe amount of iodine Amanda had been directed to take (being the University Caused Injury) was poisoning Amanda and caused Amanda to develop

Hashimoto's Thyroiditis (an autoimmune disease) being another disability to add to Amanda's Disabilities.

26.     Although Defendant UTAustin is immune from the damages Plaintiff Amanda has incurred as a result of the University Caused Injury, as a direct result of the University Caused Injury, Plaintiff Amanda's Disabilities issues have since multiplied to include, but not limited to:

(a)     Thyroid nodule growth, triggering Hashimoto's;

(b)      Chronic Fatigue Syndrome;

(c)     6+ migraines per month;

(d)     Digestive sensitivity (IBS);

(e)     40+ food/ingredient sensitivities;

(f)     Current infertility due to thyroid disease (may be long term);

(g)     Crippling anxiety, stress and panic attacks;

(h)     Chronic pain and inflammation;

(i)     Disturbed sleep; and

(j)     Impaired cognition.

### *Defendant Targets Amanda because of her Disabilities.*

27.     With the addition to Amanda's Disabilities, Defendant Amanda became a target of discrimination within Amanda's Art History department because Amanda

was henceforth viewed essentially as damaged goods, by many persons in her Art History program, creating the "Denials" defined and described hereafter.

28.     In April of 2018, Plaintiff Amanda was still having to fight with the Art History Department as to when and what courses Amanda would be allowed to proceed with for the development of Amanda's thesis.

29.     Also in April of 2018, a department decision was made that Plaintiff Amanda should be required to take coursework in Italian.

30.     The reason given was that because Amanda's thesis would be based on The Temple of Apollo Sosianus, which is located in Rome, Amanda should master Italian.  However, other students within the same program, who were not disabled, were otherwise exempt from mastering a thesis based language.

31.     On October 31, 2018, Plaintiff Amanda requested the advising assistance of Professor Nassos Papalexandrou because of his particular expertise in Art history. However, on the same day Amanda made the request, Professor Papalexandrou rudely and abruptly rejected Amanda's request, stating that Amanda "rubbed him the wrong way" and chastised Amanda for her request.

32.     Considering the context of Plaintiff Amanda's request, Professor Papalexandrou's euphemism of Amanda having "rubbed him the wrong way"

was actually a statement that such professor had no interest in having anything to do with a student with Amanda's Disabilities.

33.     To proceed towards her Master's Degree, Plaintiff Amanda had to proceed with the development of a thesis topic, which would need to be approved by Amanda's department.

34.     After extensive research and study, Plaintiff Amanda prepared a presentation of her selected thesis topic, being:

**The Temple of Apollo Sosianus:**

**Triumphal Connotations in Late Republican Architecture**

(hereafter, "Thesis Topic").

35.     The formal procedure to obtain final department approval of Plaintiff Amanda's Thesis Topic requires Amanda to present her Thesis Topic to a panel of professors within the Art History department during a meeting called a "Colloquium."

36.     Although the scheduling for Plaintiff Amanda's Colloquium began in November 2018, no such Colloquium has ever been held for Amanda.

37.     With today's filing, fifteen months have passed, no Colloquium has been held for Amanda and none is on the horizon. Why? Because the department is weary of Amanda and her Disabilities.

38.     Plaintiff Amanda was again rejected for financial aid for the 2018-2019 school year and was forced to file yet another appeal on January 30, 2019.

39.     In January of 2020, Plaintiff Amanda attempted to register for her final class work. However Amanda was denied such registration and was again forced to take a leave of absence.

40.     On April 9, 2020, Plaintiff Amanda informed Defendant UTAustin that she wished to re-apply for the Fall of 2020 so that she could finish her coursework and complete her  Colloquium.

41.     As recently as April 23, 2020, Plaintiff Amanda was informed that her desire to return and complete her work at Defendant UTAustin would be reviewed. Every step, Amanda has followed the rules presented to her, yet Defendant UTAustin cannot even tell her whether a person with Amanda's Disabilities will be allowed to finish her studies.

42.     Defendant UTAustin's foregoing "Denials" stemming from Plaintiff Amanda's Disabilities have resulted in far reaching negative impacts as to Amanda's studies with Defendant UTAustin, including but not being limited to the following:

            (a)     the destruction of Amanda's educational and professional standing within Amanda's department among both professors and peers;

(b)     forced Amanda to decline acceptance into a prestigious summer language school;

(c)      a drastic reduction in Amanda's performance resulting in lower grades;

(d)     jeopardized Amanda's future of career progression; and

(e)     endangered Amanda's entire investment of time and money into her education with Defendant.

43.     In summary, Defendant UTAustin's actions because of Amanda's Disabilities denied Plaintiff Amanda the right and, then, the ability to pursue the same opportunities available to others. As a result, Plaintiff Amanda has been stigmatized and scarred with Amanda's professors and department, despite being approved for Accommodations due to Amanda's Disabilities.

44.     Plaintiff Amanda's career field is highly competitive, small, and elitist; only the best succeed.

45.     Without positive recommendations from Plaintiff Amanda's professors, who are highly acclaimed throughout the art history world, Amanda's higher educational aspirations and future career goals come to a grinding stop. Based on the current view held by Amanda's professors, because of Amanda's Disabilities, such references are most unlikely.

46.     Even Plaintiff Amanda's finishing the program and getting a Master's Degree from Defendant UTAustin will not make Amanda eligible for most jobs in this field.

47.     Plaintiff Amanda's intelligence and discipline are not the issue impeding Amanda's progress, but rather the dampening effect of Amanda's Disabilities (now including chronic illness, chronic anxiety, fatigue and pain) which have resulted in Defendant UTAustin viewing Amanda as a failure, rather than the hero Amanda truly is to continue the fight.

48.     With Defendant UTAustin's Denials, Plaintiff Amanda's graduation with Amanda's Master's Degree is continually at risk.

### *Harm to Amanda.*

49.     Plaintiff Amanda has suffered severe physical, emotional, and economic harm as a result of the acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda, and Amanda shall suffer future physical, emotional, and economic harm.

50.     The effects of the acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda have severely impacted Amanda in many personal and physical manifestations, including but not being limited to:

(a)  increased food and medication costs due to sensitivities/allergies;

(b)  a limited availability of sensitivity friendly health products;

(c)  unpredictable digestive issues limit diet, food availability, and social/travel options;

(d)  exponentially increased stress and anxiety;

(e)  greater emotional and relationship strain;

(f)  increased medical treatment and therapy appointments;

(g)  increased medical costs; and

(h)  a loss of ability to enjoy the same life opportunities reasonably available to all others.

51.  Further, the harmful results being suffered by Plaintiff Amanda caused by the acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda include but are not being limited to:

(a)  an extreme and wrongful compromise of Amanda's current and future health;

(b)  a jeopardized educational investment of Amanda's time and money;

(c)     the deprivation of Amanda's chance to enjoy the same opportunities as others;

(d)     a radically increased financial burden;

(e)     an increased frequency of doctor visits;

(f)     an increase frequency of specialists visits;

(g)     an increase of non-insurance covered medical treatments (chiropractor);

(h)     an increased food and natural supplement costs;

(i)     an increased cost for allergy friendly health products;

(j)     possible long term infertility;

(k)     medication changes with cost increases;

(l)     increased therapy and counselling sessions and costs;

(m)     limited personal and professional travel opportunities which are key for a career that performs abroad;

(n)     limited social opportunity;

(o)     chronic pain and fatigue;

(p)     chronic stress and anxiety;

(q)     limited general activity;

(r)     impaired cognition;

**PLAINTIFF'S FIRST-AMENDED COMPLAINT**                                    14

(s)    increased required amount of sleep;

(t)    no known course of treatment to cure autoimmune disease;

and

(u)    an increased risk of developing additional autoimmune diseases.

52.    The acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda were intentional and in bad faith, made with full knowledge that the damage to Plaintiff Amanda would follow Amanda for the rest of Amanda's life, constituting conscious indifference by Defendant UTAustin.

### *Defendant's Action Under the Color of State Law.*

53.    The administrators, participating in the acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda are the applicable persons delegated with implementing and were implementing the policies and customs of Defendant UTAustin when committing the acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda.

54.    Further, if such policies are not, in fact written, each of the administrators participating in the acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda were implementing the policies and

customs of Defendant UTAustin in accord with the customs and practices of Defendant UTAustin.

*Administrative Remedies.*

55.     There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiff Amanda. Even if such Preconditions did exist, the acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda have shown that such efforts would be futile or are otherwise moot.

56.     As a result of the acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda, Plaintiff Amanda was forced to engage an attorney and pursue this action to redress such wrongs.

57.     All conditions precedent to Plaintiff Amanda bringing these claims have been met.

### E.  PLAINTIFF'S CAUSES OF ACTION

58.     Plaintiff Amanda incorporates by reference the facts set forth in Article D: FACTUAL ALLEGATIONS hereof.

## COUNT ONE: SECTION 504 VIOLATIONS

59.     As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UTAustin falls under the jurisdiction and requirements of Section 504.

60.     As mandated by Section 504, Defendant UTAustin is prohibited from discriminating against students having been diagnosed with various disabilities.

61.     Plaintiff Amanda's Disabilities qualify as disabilities covered by Section 504, and the acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda are direct violations of Section 504.

62.     The acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda in  violation  of  Section 504 have caused Plaintiff Amanda to suffer  a  loss  of  benefits  and  created  economic  losses,  including  all  actual, consequential, continuing, and future compensatory damages, for which Plaintiff Amanda now sues in accord with Section 504.

63.     The acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda in violation  of  Section 504 have caused Plaintiff Amanda to  suffer  mental  and  emotional  distress  and  damages,  including  all  actual, consequential, continuing, and future compensatory damages, for which Plaintiff Amanda now sues in accord with Section 504.

## COUNT TWO: ADA VIOLATIONS

64.    As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UTAustin falls under the jurisdiction and requirements of the ADA.

65.    As mandated by the ADA, Defendant UTAustin is prohibited from discriminating against students having been diagnosed with various disabilities.

66.    Plaintiff Amanda's Disabilities qualify as disabilities covered by the ADA, and the acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda are direct violations of the ADA.

67.    The acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda in violation of the ADA have caused Plaintiff Amanda to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Amanda now sues in accord with the ADA.

68.    The acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda in violation of the ADA have caused Plaintiff Amanda to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Amanda now sues in accord with the ADA.

## COUNT THREE: POST JUDGMENT INTEREST

69.     Plaintiff Amanda also requests post judgment interest as may be allowed by applicable law.

## COUNT FOUR: ATTORNEYS' FEES

70.     Plaintiff Amanda should be awarded Amanda's reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## F.     REQUEST FOR JURY

71.     Plaintiff Amanda hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

## G.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff Amanda prays that: upon final trial hereof, that judgment be entered in favor of Plaintiff Amanda for the actual and consequential damages set forth herein including post judgment interest; that Plaintiff Amanda be reimbursed her reasonable and necessary attorneys' fees required to bring this matter; all costs of Court be taxed against Defendant; and that Plaintiff Amanda have such further and other relief, general and special, both at law or in equity, to which he may show herself to be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

By:_____

    Terry P Gorman, Esq.
    Texas Bar No. 08218200
    tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (214)-802-3477 (direct)
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF
AMANDA VALENZUELA**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 28th day of April 2020, a true and correct copy of the above and foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure utilizing the *VIA CM/ECF* filing system being:

**SUMMER R. LEE**
Assistant Attorney General
General Litigation Division
P.O. Box 12548
Capitol Station Austin
Texas 78711-2548
summer.lee@oag.texas.gov
**ATTORNEYS FOR DEFENDANT**
**THE UNIVERSITY OF TEXAS AT AUSTIN**

By:  _____
Terry P Gorman, Esq.

**PLAINTIFF'S FIRST-AMENDED COMPLAINT**                                    21
glaw 2020.04.28

# EXHIBIT ONE



**DIVISION OF DIVERSITY AND COMMUNITY ENGAGEMENT**
THE UNIVERSITY OF TEXAS AT AUSTIN

*Services for Students with Disabilities • 100 West Dean Keeton St. A4100 • Austin, TX 78712-1093*
*ddce.utexas.edu/disability • (512) 471-6259 • FAX (512) 475-7730 • VP (512) 410-6644*

June 19, 2017

Re: ████████ ████████          EID: ████████

To Whom It May Concern:

████████ ████████ has requested that I forward information to you verifying her accommodation history at The University of Texas at Austin. ████████ presented documentation of a disability and registered with the Division of Diversity and Community Engagement - Services for Students with Disabilities on October 15, 2015.   Services for Students with Disabilities approved the following accommodations for the duration of her graduate career:

- Extended time (1.5x) for test taking and work completed in class, unless speed is the factor being tested
- Test location in a reduced distraction environment
- Permission to discuss possibility of flexibility with attendance.  Final determination made by instructor based on the structure of the course.
- Permission to discuss approach instructor to discuss flexible deadlines.  Final determination made by instructor based on the structure of the course.
- Permission to audio tape lecture
- Course load reduction
- Kurzweil software

If you have any questions please contact me at ████████

Sincerely,

# EXHIBIT TWO



**FAMILY PRACTICE**

Integrative  Medicine  and  Total  Wellness

January 23, 2019

RE:     LETTER OF MEDICAL NECESSITY
        Patient: ██████████
        Date of Birth: ██████

To Whom It May Concern:

This letter serves as documentation that we have been actively managing and monitoring ████████ health, including her Hashimoto's disease.

Please contact me if you have any questions.

Sincerely,