IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AMANDA VALENZUELA,<br>    *Plaintiff,*<br><br>v.<br><br>THE UNIVERSITY OF TEXAS<br>AT AUSTIN, et al.,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§   Civil Action No. 1:19-cv-01202-RP<br>§<br>§<br>§ |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND-AMENDED COMPLAINT**

Plaintiff Amanda Valenzuela ("Valenzuela") confirmed she is suing Dr. Clarke in his official capacity only for claims under 42 U.S.C. § 1983. **Dkt. 29**, at ¶¶ 22-24. Thus, there are no claims under Section 504 of the Rehabilitation Act of 1973 ("Rehab Act") or Title II of the Americans with Disabilities Act ("ADA") against Dr. Clarke, only UTAustin. Additionally, by failing to rebut Defendants' defenses that UTAustin has sovereign immunity from her § 1983 claim and that she is precluded from obtaining punitive damages, Valenzuela has waived her right to do so. The Court is left with determining whether any of the claims are foreclosed by the statute of limitations, whether UTAustin has sovereign immunity from Valenzuela's ADA claims after assessing whether any alleged conduct violates Title II, whether Valenzuela failed to state a claim under the Rehab Act against UTAustin, whether Dr. Clarke has sovereign immunity from the § 1983 claim, and if not, whether Valenzuela alleged a plausible § 1983 claim against him.

    **A. Valenzuela Failed to Rebut that the Majority of her ADA, Rehab Act, and § 1983 Claims are Barred by the Statute of Limitations.**

Valenzuela does not challenge that her claims under the ADA and Rehab Act have a two-year statute of limitations. **Dkt. 29**, at ¶ 9. However, she failed to acknowledge that Defendants have also challenged the timeliness of her § 1983 claims under the same two-year statute of limitations. **Dkt. 27**, at 3-6. She has waived her right to now do so. Moreover, Valenzuela does not dispute that she was

aware of the alleged discriminatory acts at the time they occurred. And she alleged no facts to demonstrate that Defendants committed any acts to deliberately delay her filing of a timely claim, or that Defendants took any actions they knew would result in her delay to timely file. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 368 (5th Cir. 2003). Thus, an equitable basis for tolling is not applicable.

Even if it were applicable, Valenzuela has continued to fail to state a valid basis. Instead, she contends that Defendants committed "individual acts of discrimination." **Dkt. 29**, at ¶ 15. A series of alleged untimely discrete discriminatory actions cannot be saved by the continuous violation doctrine or any other equitable basis for tolling. *See Pegram v. Honeywell,* 361 F.3d 272, 279 (5th Cir. 2004) ("the continuing violations doctrine is equitable in nature and extends the limitations period on otherwise time barred claims only when the unlawful employment practice manifests itself over time, rather than as a series of discrete acts."). Although Valenzuela alleges that these "individual acts" have had continuing consequences, this is insufficient to establish an equitable basis for tolling. *See McGregor v. Louisiana State Univ. Bd. of Sup'rs*, 3 F.3d 850, 867 (5th Cir. 1993) (recognizing "[a] plaintiff cannot use the continuing violation theory to resurrect claims about discrimination ... concluded in the past, even though its effects persist"); *see also Lyles v. Univ. of Tex. Health Sci. Ctr., San Antonio*, CIVASA-09CV0828FBNN, 2010 WL 1171791, at *2 (W.D. Tex. Mar. 24, 2010) (the continuous violation doctrine does not apply to the inability to transfer academic credits and residency, which is an effect of an allegedly discriminatory action for failure to readmit). The Court should find that the majority of Valenzuela's ADA, Rehab Act, and § 1983 claims are statutorily time-barred and dismiss them with prejudice for failure to state a claim.

    **B. Valenzuela Failed to Allege Any Conduct Against UTAustin in Violation of Title II or the Rehab Act.**

UTAustin retains sovereign immunity from Valenzuela's ADA claim because she has not alleged any conduct in violation of Title II under the first step of the three-part test in *US v. Georgia,* 546 U.S. 151 (2006). Moreover, Valenzuela has not alleged any plausible claims of intentional disability

discrimination under the Rehab Act. Valenzuela failed to plead sufficient facts on all the ultimate elements of a *prima facie* case of disability discrimination under both the ADA and Rehab Act. *Block v. Texas Board of Law Examiners*. 952 F.3d 613, 618 (5th Cir. 2020) (citing *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004)).

Under the first element, Valenzuela falsely contends that Defendants acknowledged she suffered from a disability. **Dkt. 29**, at ¶ 17. While SSD may have granted Valenzuela specific accommodations based on documentation she presented on October 15, 2015 and February 28, 2018, the legal authority is clear that an individual must have a qualifying disability *at the time* of the alleged discriminatory actions to state a plausible claim for disability-discrimination or failure-to-accommodate under the ADA or Rehab Act. *See Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011). Valenzuela failed to plead sufficient facts identifying her disability and the impact of her conditions on her ability to perform major life activities *at the time* of each of the alleged discriminatory actions. **Dkt. 27**, at 12. Nor has Valenzuela pleaded any facts that her professors were aware of her disability or the resulting consequences at the time she allegedly requested accommodations. SSD did not identify Valenzuela's disabilities, nor her limitations. *Id.* at 16. SSD also does not share information regarding a student's disability with any faculty, staff, parent, or other entities unless certain exceptions have been met.[1] Valenzuela has pleaded no facts that SSD released this information to her professors. Under the Rehab Act and ADA, a plaintiff must show "that the [defendant] knew not only of the [individual's] disability, but also of the physical or mental limitations resulting therefrom." *Seaman v. CPSH, Inc.,* 179 F.3d 297, 300 (5th Cir. 1999) (citing 42 U.S.C. § 12112(b)(5)(A)).

Under the second and third elements, Valenzuela claims she pleaded a negative educational act because of delay, being ignored, and having to take additional classes. **Dkt. 29**, at ¶ 8. However,

---

[1] UTAustin requests the Court to take judicial notice of the "Student Rights and Responsibilities" available at https://diversity.utexas.edu/disability/rights-and-responsibilities/ (last accessed October 10, 2020).

these conclusory assertions and limited facts are insufficient to meet the ultimate elements for a *prima facie* case that UTAustin *intended* to discriminate against her because of her alleged disability.

### a. UTAustin did not fail to accommodate Valenzuela's alleged disability.

Valenzuela *now* alleges that she requested accommodation letters for every professor she had and that she provided such SSD letters to every professor. **Dkt. 29**, at ¶ 26(j). Valenzuela failed to allege this in her Complaint and she still fails to provide any additional facts as to when she delivered the SSD letters to her professors and for which classes. Nonetheless, the failure-to-accommodate claims should still be dismissed as untimely based on the accrual dates of the alleged requests for accommodations as it relates to Drs. Frizzi, Smith, Davies, and Clarke. **Dkt. 22**, at ¶¶ 38-41, 43-44, 47-49; **Dkt. 29**, at ¶ 26(k)-(l). *See* **Dkt. 27**, at 4-6. Valenzuela alleges claims against Drs. Stuart, Walthall, and Mulder for the first time in her response to Defendants' motion to dismiss. **Dkt. 29**, at ¶ 26(k), (m). New causes of action cannot be raised in a response to a motion to dismiss. Rather, the only live claims are those asserted in the Complaint. *See Broyles v. Chase Home Finance,* 2011 WL 1428904 *1 (N.D. Tex. 2011) (court held that new causes of action asserted in response to motion to dismiss were not properly before court). Cf. *Cutrera v. Board of Supervisors,* 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court).[2]

Additionally, despite alleging in her Complaint that the Art History Department made the decision to require her to take coursework in Italian in April 2018, and having failed to allege that she requested a waiver of the foreign language requirement, *see* **Dkt. 22**, at ¶¶ 30-32, Valenzuela *now* claims that she requested a waiver every semester *after* Defendants challenged her claim as untimely. **Dkt. 29**, at ¶ 26(n). However, Valenzuela pleaded no facts that she submitted a formal waiver request – other

---

[2] Valenzuela also alleges new claims in her response to the motion to dismiss in paragraphs 4, 5, and 26(c)-(i), (k), (dd), which are similarly not before the Court for consideration. **Dkt. 29**.

than alleged discussions – or when she requested a waiver. Piecing together all her allegations, the Court should find that her failure-to-accommodate claim accrued at the latest in April 2018, which is statutorily time-barred. **Dkt. 27**, at 4.

Additionally, to the extent her failure-to-accommodate claims are not time-barred, Valenzuela failed to establish a plausible claim of intentional discrimination. Despite now claiming that she presented the SSD letters to every professor, she failed to plead any facts that she met with each of the named professors during the first week of class, or within one week of receiving the accommodation letters if during the semester, and that she and the professor reviewed the letter and discussed the use of accommodations in the class.[3] A student requesting accommodations is required to follow this process. There are simply no facts that Valenzuela *requested* certain accommodations that were in turn denied. Valenzuela also failed to plead whether she requested new accommodation letters for each semester as required.[4]

Upon being challenged, Valenzuela provided no additional facts regarding the alleged denials of accommodations for flexible attendance, deadlines, and assignments; the circumstances surrounding the alleged denials of accommodations for extended time on exams, the right to record lectures, or the option of taking exams in a reduced distraction environment. **Dkt. 27**, at 17-18. The other accommodations allegedly denied were never granted by SSD.[5] *Id.* at 17. Further, Valenzuela did not rebut that she was ineligible to receive financial aid or that she was ever denied financial aid. *Id.* at 13.

With regards to the alleged denial of the waiver of the foreign language requirement, this was not an accommodation previously granted by SSD. Moreover, Title II only imposes an obligation to

---

[3] *See* FN 1.
[4] *See* FN 1.
[5] SSD did not grant Valenzuela any accommodations relating to homework assignments, assignments in general, readings, presentations, restroom breaks, or automatic attendance flexibility. *Compare* **Dkt. 22**, at ¶¶ 39, 44, 46-49, with **EX. A**.

provide reasonable accommodations for *specific limitations* imposed by the claimant's disability. *See* 42 U.S.C.A. § 12112(b)(5)(A) (West); *see also Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 164 (5th Cir. 1996). Valenzuela pleaded no facts that she had any specific limitations that prevented her from taking foreign language classes. Moreover, UTAustin is not required to provide accommodations that amount to a fundamental alteration to the master's degree program that will result in lowering program standards. *See Block,* 952 F.3d at 618 (citing 28 C.F.R. § 35.130(b)(1)(7)(i)). *Southeastern Community College v. Davis,* 442 U.S. 397, 407-12 (1979). Valenzuela's thesis is based on the Temple of Apollo Sosianus in Rome, Italy. **Dkt. 22**, at ¶ 31. And she is pursuing a master's degree in Italian archaeology and history. Valenzuela's master's degree program requires a foreign language relevant to the areas of study and that will allow the student to read and understand the scholarship of his/her field.[6] Valenzuela failed to sufficiently plead how allowing her to waive the foreign language requirement to take courses in Italian, her area of study, would not lower the program requirements for her master's degree.

To the extent Valenzuela is alleging that the alleged denial of her request to waive the foreign language requirement is a violation of her equal protection rights, pursuant to § 1983, UTAustin has sovereign immunity from this claim. Moreover, Valenzuela pleaded no facts that she submitted her undergraduate transcripts to UTAustin showing she took four semesters of French and scored a grade of B or higher as required to waive the requirement to take Italian classes.[7] Nor has she pleaded any facts that any other individual, disabled or not, failed to do this and received a waiver.

Most importantly, Valenzuela failed to plead any facts that the alleged denials were intentional, made in bad faith, or gross mismanagement. **Dkt. 27**, at 18. And she has not demonstrated that the alleged denials were motivated by reason of or solely because of her claimed disability. *Delano-Pyle*, 302

---

[6] Defendants request the Court to take judicial notice of the "Guide to Graduate Studies in Art History" available at sites.utexas.edu/artgrads/files/2020/03/ARH-Graduate-Handbook1.pdf, at 4 (last accessed October 11, 2020).
[7] *See* FN 5.

F.3d at 574; *C.C.*, 641 F. App'x at 426. Accordingly, Valenzuela failed to plead sufficient facts to establish a *prima facie* case of failure-to-accommodate.

### b. UTAustin did not otherwise discriminate against Valenzuela because of her alleged disability.

Despite prior allegations, Valenzuela *now* alleges that she was able to register for classes. *Compare* **Dkt. 29**, at ¶ 26(r) *with* **Dkt. 22**, at ¶ 57. However, she alleges without any factual support that she was forced to take a leave of absence because there was no faculty to assist her. Valenzuela failed to plead any facts that she needed assistance, that she requested assistance, and that this assistance was refused. Nor did she plead any facts that this assistance was refused because of her alleged disability. Valenzuela merely pleads a hypothetical injury. "At the pleading stage, allegations of injury are liberally construed," but allegations of conjectural or hypothetical injury are not sufficient to establish standing. *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344–46, 350 (2006)). Valenzuela voluntarily took a leave of absence in Spring 2020. It was not a result of any acts or omissions taken by UTAustin, or any discriminatory animus. **Dkt. 27**, at 18-19.

While Valenzuela alleges she previously scheduled her colloquium in November 2018, she had not met the requirements for scheduling it at that time. In November 2018, Valenzuela had not completed and submitted her written prospectus for her thesis as required by the Guide to Graduate Studies in Art History. *Id.* at 19-20. Despite Valenzuela's allegations, she did not complete her written prospectus until July 24, 2020. *Id.* at 20. Moreover, Valenzuela failed to plead any facts to demonstrate that any cancellation of her colloquium in November-December 2018 was because of her alleged disability. **Dkt. 29**, at ¶ 26(t); **Dkt. 22**, at ¶ 53-54. Significantly, Valenzuela finally scheduled and completed her colloquium. **Dkt. 29**, at ¶ 3. This issue is moot, and Valenzuela has no standing to pursue this claim.

Valenzuela also failed to plead sufficient facts to demonstrate a plausible claim of discrimination against Dr. Papalexandrou. **Dkt. 27**, at 20-21. While Valenzuela may disagree with Dr.

Papalexandrou's decision not to participate in her colloquium, her subjective belief that he discriminated against her because of her disability, *see* **Dkt. 29**, at ¶ 26(w)-(cc), no matter how genuinely held, cannot establish discrimination. *See Matthews v. United Bhd. of Carpenters & Joinders of Am.,* 228 F. App'x 436, 440 (5th Cir. 2007).

Valenzuela further failed to plead sufficient facts to demonstrate a plausible claim of discrimination due to her profile not being included on the website showcasing each of the Art History graduate students. **Dkt. 27**, at 21. Valenzuela *now* alleges that after taking medical leave in 2015: (1) her profile was taken off the website; and (2) her photograph removed from the Graduate student board in the department offices (this claim is not properly before the Court). **Dkt. 29**, at ¶ 26(dd). Valenzuela also *now* further alleges that when she returned from medical leave, she requested that her photograph and biography be returned, this was agreed, and never happened. *Id.* at ¶ 26(ee). Valenzuela failed to plead when this request was made. However, since she returned from medical leave in August 2016, *see* **Dkt. 22**, at ¶ 17, she would have been required to bring this claim by August 2018 under the two-year statute of limitations. Thus, this claim is statutorily time-barred. Moreover, even if this claim were not time-barred, Valenzuela has pleaded no facts that UTAustin intended to discriminate against her because of her disability by failing to act on this request.

### C. Valenzuela's § 1983 claims must be dismissed for lack of subject matter jurisdiction, or alternatively for failure to state a claim.

Valenzuela failed to address Defendants' defense that her § 1983 claim against UTAustin is barred by sovereign immunity. **Dkt. 27**, at 8. She has abandoned this claim. The Court should dismiss the § 1983 claim against UTAustin for lack of subject matter jurisdiction with prejudice.

As discussed *supra,* Valenzuela clarified that the only claim she is bringing against Dr. Clarke is a claim under § 1983 in his official capacity for injunctive relief. **Dkt. 29**, at ¶¶ 22-24. Conveniently, under the *Ex parte Young* exception, a suit is not subject to state sovereign immunity if the suit is "brought against individual persons in their official capacities as agents of the state, and the relief

sought [is] declaratory or injunctive in nature and prospective in effect." *Aguilar v. Tex. Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). However, the Eleventh Amendment bars a suit against a state official when "the state is a real, substantial party in interest." *Id.* (quoting *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101–02 (1984) (citations omitted)). Here, the real party in interest is the state, UTAustin. Valenzuela's § 1983 claim against Dr. Clarke is redundant. With repeated references to "Defendants" in the plural form and pleading that the alleged discriminatory actions also apply to her ADA and Rehab Act claims, it is "simply a reformulation" of her § 1983, ADA, and Rehab Act claims against UTAustin. **Dkt. 22**, at ¶¶ 91-97. *See Goins v. Hitchcock I.S.D.*, 191 F.Supp.2d 860, 868 (S.D. Tex.—Galveston 2002) (holding that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). The Court should find that Valenzuela's effort to plead around the state sovereign immunity bar has failed and dismiss the § 1983 claim against Dr. Clarke.

Even if the Court finds that UTAustin is not the real, substantial party in interest, the Court should still find that the *Ex parte Young* exception does not apply. Despite Valenzuela's clarification, her Complaint fails to seek prospective injunctive relief. **Dkt. 22**, at ¶ 97(a)-(c). To avoid an Eleventh Amendment bar by means of *Ex parte Young*, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Va. Office for Prot. & Advocacy v. Stewart*, 131 S.Ct. 1632, 1639 (2011). *See Papasan v. Allain*, 478 U.S. 265, 277–78 (1986) ("Young has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past. . . .").

Valenzuela has not alleged sufficient facts to show that Dr. Clarke is committing any *ongoing* violations of federal law under the Equal Protection Clause to satisfy the *Ex parte Young* exception. Furthermore, she has not pleaded sufficient facts to show that Dr. Clarke has even committed a violation of her equal protection rights under the Fourteenth Amendment via § 1983. She also failed to establish standing for this claim. Additionally, Valenzuela is not seeking relief properly characterized as prospective, or relief that Dr. Clarke could provide as the Graduate Adviser for Art History. First, the onus to schedule the colloquium is on the student; not the Graduate Adviser. **Dkt. 27**, at at 20. Further, the requested relief is moot as this has already been held. **Dkt. 29**, at ¶ 5. Second, the onus to schedule the remainder of Valenzuela's course work for her master's degree is also on her as the student to register for classes. Finally, accommodations granted by SSD do not become effective until the student (Valenzuela) delivers an accommodation letter received from SSD to the professor. **Dkt. 27**, at 15-16. Accordingly, the *Ex parte Young* exception does not provide a waiver of immunity to allow Valenzuela to sue Dr. Clarke in his official capacity. The Court should dismiss Valenzuela's § 1983 claim against Dr. Clarke without prejudice.

## CONCLUSION

While not presently before the Court, any motion for leave to file a third amended complaint should be denied. The Court has already given Valenzuela an opportunity to correct any deficiencies and bring forward additional claims. Based on the new allegations in the response, it would also be futile to grant leave because these claims are either time-barred or fail to state a claim. Valenzuela's complaints relate to her failure to understand and follow the Guide to Graduate Studies in Art History, the requirements for her master's degree plan, and the guidelines for maintaining eligibility for financial aid. The complaints do not amount to intentional discrimination or any violation of her equal protection rights. For the reasons stated above, and those stated in Defendants' Motion to Dismiss, Defendants request that the Court dismiss all Plaintiff's claims in their entirety.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief - General Litigation Division

  /s/  *Summer R. Lee*
**SUMMER R. LEE**
Texas Bar No. 24046283
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
512) 475-4031/FAX (512) 474-2697
summer.lee@oag.texas.gov
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served through CM/ECF filing, on this the **13th day of October, 2020**, upon the following individual:

Terry P. Gorman, Esq.
tgorman@school-law.co
*Attorney for Plaintiffs*

*/s/ Summer R. Lee*
**SUMMER R. LEE**
Assistant Attorney General