IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMANDA VALENZUELA, | § § § | |
| *Plaintiff*, | § | Civil Action No. 1:19-cv-01202-RP |
| v. | § § | |
| UNIVERSITY OF TEXAS AT AUSTIN, | § § | |
| *Defendant*. | | |

## **PLAINTIFF'S THIRD AMENDED COMPLAINT**

NOW COMES Plaintiff, Amanda Valenzuela ("Plaintiff"), by and through her attorneys, The Law Office of Keith Altman for her Third Amended Complaint, and hereby states the following:

On March 30, 2022, the Court issued an Order on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF 47). The Order permitted Plaintiff to amend her ADA and Rehabilitation Act claims against Defendant University of Texas at Austin, only.

## **PARTIES**

Plaintiff, Amanda Valenzuela, ("Amanda") is an individual residing in the State of Texas.

Defendant, The University of Texas at Austin ("UTAustin") is a public university operating in the State of Texas. UTAustin has previously been served with a summons for this matter and has made an appearance with the court. Defendant UTAustin receives funds from the United States.

## JURISDICTION AND VENUE

This action arises under the laws of the United States, and therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

This action arises under the following federal statutes: The Americans with Disabilities Act of 1990 (ADA), Pub.L. No. 101-336, 104 Stat. 327 (1990), 42 U.S.C. §§ 12101 et seq., amended by the Americans with Disabilities Amendments Act (ADA-AA) with an effective date of January 1, 2009, which, at Title III of the ADA, prohibits discrimination in the provision of public services. Section 202 of the Act, 42 U.S.C. § 12132 (Supp.1991), the Rehabilitation Act of 1973, §§ 504 and 505, as amended, 29 U.S.C.A. §§ 794 and 794a, including the conforming amendment of the ADA-AA which changes the definition of "disability" under §504 to conform to the definition of "disability" under ADA-AA. Both the ADA and §504 prohibit retaliation against persons with disabilities.

Under 42 U.S.C.A § 12189, Defendant "shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangement for such individuals."

Defendant has its principal place of business in Austin, Texas, transacts business in this District, has subjected itself to this Court's jurisdiction through such activity, and a substantial part of the events and omissions giving rise to this claim occurred in this District.  Accordingly, venue is proper in this District under 28 U.S.C. § 1391.

This action is properly venued in the Austin Division of the Western District of Texas because Defendant is located within the division, and all of the events occurred within the division on UTAustin campus.

## FACTUAL ALLEGATIONS

Plaintiff Amanda is a disabled student working on a master's degree in Art History from Defendant UTAustin.

Before coming to Defendant UTAustin in 2015, Plaintiff Amanda graduated from Montana State University as a McNair Scholar along with a bachelor's degree in French.

McNair Scholars is a federal program by the US Department of Education designed to prepare students for doctoral studies.

Participants in the McNair Scholars program are first generation college students with financial need or members of a group that is traditionally underrepresented. The goal of the McNair Scholars Program is to increase the number of graduate degrees awarded to students from underrepresented segments of society.

Plaintiff Amanda's goal since high school has been to pursue her Ph.D. in Art History.

In 2015, Defendant UTAustin was rated in the Top 10 universities for Art History programs.

Upon enrollment in Defendant UTAustin in 2015, Plaintiff Amanda registered for accommodations due to Amanda's federally recognized disabilities, as allowed by Amanda's Section 504 rights. As a result, Amanda was granted accommodations.

Plaintiff Amanda was diagnosed with bipolar disorder and extreme depressive episodes.

Plaintiff Amanda was prescribed Lamotrigine in accordance with her treatment for bipolar disorder.

As a result of taking Lamotrigine, Plaintiff Amanda had a severe allergic reaction that resulted in Steven Johnson Syndrome. Plaintiff Amanda had severe blistering in her mouth to the extent that she struggled to drink water.

Pursuant to doctors' orders Plaintiff Amanda was directed to immediately stop taking Lamotrigine.

As a result of Plaintiff Amanda's disabilities and generally poor health, Amanda took an approved medical leave of absence ("MLOA") from her studies in late 2015.

Plaintiff Amanda's MLOA continued until Amanda's return to her studies in August 2016.

Plaintiff Amanda's troubles with Defendant UTAustin increased dramatically after Amanda returned from her MLOA.

The financial aid department at Defendant UTAustin started challenging whether Plaintiff Amanda still "qualified" for financial aid because of her MLOA.

Because Defendant UTAustin's financial aid office saw the words "mental health" as one of the reasons for Plaintiff Amanda's MLOA, Defendant UTAustin's financial aid office undertook an improper review to determine if Plaintiff Amanda was healthy enough to receive aid and continue classes with Defendant UTAustin. In other words, Defendant UTAustin wanted to make its own independent and illegal evaluation into Amanda's Disabilities.

Simultaneously with having to deal with the discriminatory attitudes of the financial aid department at Defendant UTAustin, in February of 2017, Plaintiff Amanda's physical condition was severely worsened when a physician at the Health

Center of Defendant UTAustin committed medical malpractice and recommended a medication regimen including Lithium for Amanda which contained toxic levels of iodine ("University Caused Injury").

As a result of the discriminatory actions of the financial aid department and as a consequence of the University Caused Injury, Plaintiff Amanda was forced to spend a vast amount of time coordinating between various offices (in the Spring of 2017) to get information requested by Defendant UTAustin's financial aid department (including confidential medical documents).

Plaintiff Amanda (in the Spring of 2017) was also having to coordinate multiple weekly doctor appointments (as a result of the University Caused Injury), a part-time job, class attendance, and homework. All the while, Amanda's health was decreasing drastically.

In the Spring of 2017, Plaintiff Amanda had to quit her part-time job and take incompletes for classes in order to finish the limited amount of course work she was capable of completing.

From the Spring of 2017 through the present, such incompletes have created a constant struggle with the financial aid department and professors within Amanda's Art History department.

By May 2017, Plaintiff Amanda had been referred to a specialist who determined that the unsafe amount of iodine Amanda had been directed to take

(being the University Caused Injury) was poisoning Amanda and caused Amanda to develop Hashimoto's Thyroiditis (an autoimmune disease) being another disability to add to Amanda's Disabilities.

Plaintiff Amanda's Disabilities issues have since multiplied to include, but not limited to:

(a) Thyroid nodule growth, triggering Hashimoto's;

(b) Chronic Fatigue Syndrome;

(c) 6+ migraines per month;

(d) Digestive sensitivity (IBS);

(e) 40+ food/ingredient sensitivities;

(f) Current infertility due to thyroid disease (may be long term);

(g) Crippling anxiety, stress, and panic attacks;

(h) Chronic pain and inflammation;

(i) Disturbed sleep; and

(j) Impaired cognition.

**Defendant Targets Amanda because of her Disabilities**.

With the addition to Amanda's Disabilities, Defendant Amanda became a target of discrimination within Amanda's Art History department because Amanda was henceforth viewed essentially as damaged goods, by many persons in her Art History program, creating the "Denials" defined and described hereafter.

In April of 2018, Plaintiff Amanda was still having to fight with the Art History Department as to when and what courses Amanda would be allowed to proceed with for the development of Amanda's thesis.

Also in April of 2018, a department decision was made that Plaintiff Amanda should be required to take coursework in Italian.

The reason given was that because Amanda's thesis would be based on The Temple of Apollo Sosianus, which is located in Rome, Amanda should master Italian. However, other students within the same program, who were not disabled, were otherwise exempt from mastering a thesis-based language.

Further, although the thesis based foreign language requirement had been waived for other students who had an extensive undergraduate background in a foreign language, Plaintiff Amanda was denied such waiver (despite the fact that Amanda's undergraduate degree is in French, a foreign language) and required to take six hours of Italian, creating an unnecessary, expensive, and unwarranted expenditure of Amanda's time and limited financial resources as well as yet another delay of Amanda's completion of her Masters.

Specifically, Defendant UTAustin allowed at least the following three students (without Disabilities) a waiver of the language requirement:

(a) Student A was studying Ancient Greek art within the Art History program, but was allowed a waiver to use her various courses of French during her undergraduate studies;

(b) Student B was studying Ancient Roman art within the Art History program, but was allowed a waiver to use her various courses of French; and

(c) Student C Student A was studying Ancient Roman art within the Art History program, but was allowed a waiver to use his various courses of French during her undergraduate studies.

Only after the filing of this lawsuit and only after again having to establish Amanda's undergraduate records showing the taking of French (despite the fact that Defendant UTAustin has been aware of Amanda's undergraduate degree in French since 2015) did Defendant UTAustin decide that the discrimination against Amanda should stop as to the foreign language matter.

On October 31, 2018, Plaintiff Amanda requested the advising assistance of Professor Nassos Papalexandrou because of his particular expertise in Art history. However, on the same day Amanda made the request, Professor Papalexandrou rudely and abruptly rejected Amanda's request, stating that Amanda "rubbed him the wrong way" and chastised Amanda for her request.

Considering the context of Plaintiff Amanda's request, Professor Papalexandrou's euphemism of Amanda having "rubbed him the wrong way" was

actually a statement that such professor had no interest in having anything to do with a student with Amanda's Disabilities.

Professor Papalexandrou lack of desire to deal with Plaintiff Amanda and her Disabilities was just one example of the ongoing refusal of Defendant UTAustin to grant Amanda the Accommodations Defendant UTAustin had granted to her, as required by federal law.

As early as 2015, Plaintiff Amanda took a lecture tutorial with Dr. Clarke, which is when a graduate student takes an undergraduate class with supplemental assignments and reading. Plaintiff Amanda presented her Accommodations to Dr. Clark who refused to grant all the required Accommodations for Amanda because: "It would not be seemly to give a graduate student longer time or more privileges than undergraduate students. Masters students must be held to a higher standard."

In choosing to ignore Plaintiff Amanda's Accommodations in 2015, Dr. Clarke denied:

(a) Plaintiff Amanda extended time on exams and homework assignments;

(b) Amanda was the right to record Dr. Clarke's lectures;

(c) Amanda the attendance flexibility allowed by her Accommodations; and

(d) Amanda the option of taking exams in a "reduced distraction environment.

Ultimately, Plaintiff Amanda was not able to finish Dr. Clarke's course and Amanda was required to take her MLOA, receiving a W for the class and began a

series of delays caused by Defendants that have created the detrimental situation Amanda now finds herself, having delayed Amanda's completion of the Masters' program by years, and creating a mountain of financial aid (just for attending Defendant UTAustin) that will likely reach over $160,000.00 by December 2020.

Upon Plaintiff Amanda's return from her MLOA, Amanda was forced to select only "independent studies" classes with Dr. Clark, in order to avoid some of the impact of his refusal to allow Accommodations. The result was that Amanda was denied a classroom experience with her peers and the social networking which is so vital to a graduate student during studies as well as after graduation.

Although Plaintiff Amanda crafted her schedule away from classroom courses taught by Dr. Clarke, Clarke remains discriminating against Amanda through his position as the Graduate Advisor for Defendant UTAustin's Art History program.

Dr. Penelope Davies ("Davies") also refused Plaintiff Amanda her federally guaranteed Accommodations (in ways similar to Dr. Clarke) in all of Amanda's classes with Dr. Davies.

Plaintiff Amanda took three seminars with Dr. Davies in the Fall of 2015, the Fall of 2016, and the Fall of 2017. In each of these seminars, Dr. Davies denied:

(a) Amanda longer time on assignments, readings which averaged 300 pages a week, often in foreign languages which required extensive translation;

(b) Amanda longer time to prepare for presentations over the assigned readings;

(c) Amanda longer time on the presentation itself;

(d) Amanda the right to record the lecture given by Dr. Davies

(e) Amanda flexible attendance, because in Dr. Davies' own words "Lecture is only held once a week, if you miss one lecture it's like missing an entire week of content;" and

(f) Amanda restroom breaks, which were very necessary due to digestive issues developed because of my autoimmune condition stating: "You are a grown adult; you should know how to use the restroom before and after a course;"

In the Spring 2020, Amanda was required to take yet another leave of absence because Dr. Clarke refused to take Amanda on and advise Amanda as to Amanda's thesis, requiring Amanda, again, to be delayed in graduating. Amanda is still waiting for Dr. Davies.

Dr. Cherise Smith ("Smith") also showed that she did not respect the federally mandated Accommodations granted Plaintiff Amanda.

In the Fall 2015 and the Fall of 2016, Plaintiff Amanda took Art Historical Methods from Dr. Smith. Amanda had to repeat the course in 2016 due to the MLOA created by Defendant UTAustin for the Fall of 2015.

On each occasion, Dr. Smith denied:

> (a) Amanda flexible attendance; and

> (b) Amanda flexible deadlines on assignments.

As referenced, Defendant UTAustin required to take beginning Italian, which Amanda took with Dr. Adria Frizzi in the Spring of 2018. Although Dr., Frizzi was better than the other professors mentioned herein as to the granting Amanda of some of Amanda's Accommodations, Dr. Frizzi did deny:

> (a) Amanda flexible attendance and

> (b) Amanda flexible deadlines on assignments.

As briefly referenced, to proceed towards Amanda's Master's Degree, Plaintiff Amanda had to proceed with the development of a thesis topic, which would need to be approved by Amanda's department.

After extensive research and study, Plaintiff Amanda prepared a presentation of her selected thesis topic, being: The Temple of Apollo Sosianus: Triumphal Connotations in Late Republican Architecture (hereafter, "Thesis Topic").

The formal procedure to obtain final department approval of Plaintiff Amanda's Thesis Topic requires Amanda to present her Thesis Topic to a panel of professors within the Art History department during a meeting called a "Colloquium."

Although the scheduling for Plaintiff Amanda's Colloquium began in November 2018, no such Colloquium has been scheduled for Amanda.

Plaintiff Amanda was again rejected for financial aid for the 2018-2019 school year and was forced to file yet another appeal on January 30, 2019.

In January of 2020, Plaintiff Amanda attempted to register for her final class work. However, Amanda was denied such registration and was again forced to take another leave of absence.

On April 9, 2020, Plaintiff Amanda informed Defendant UTAustin that she wished to re-apply for the Fall of 2020 so that she could finish her coursework and complete her Colloquium.

As recently as April 23, 2020, Plaintiff Amanda was informed that her desire to return and complete her work at Defendant UTAustin would be reviewed.

For every required step, Amanda has followed the rules presented to her, yet Defendant UTAustin cannot even tell her whether a person with Amanda's Disabilities will be allowed to finish her studies.

Defendant UTAustin's foregoing "Denials" stemming from Plaintiff Amanda's Disabilities have resulted in far reaching negative impacts as to Amanda's studies with Defendant UTAustin, including but not being limited to the following:

> (a) the destruction of Amanda's educational and professional standing within Amanda's department among both professors and peers;

(b) forced Amanda to decline acceptance into a prestigious summer language school;

(c) a drastic reduction in Amanda's performance resulting in lower grades;

(d) jeopardized Amanda's future of career progression; and

(e) endangered Amanda's entire investment of time and money into her education with Defendant.

In summary, Defendant UTAustin's actions because of Amanda's Disabilities denied Plaintiff Amanda the right and, then, the ability to pursue the same opportunities available to others.

As a result, Plaintiff Amanda has been stigmatized and scarred with Amanda's professors and department, despite being approved for Accommodations due to Amanda's Disabilities.

Plaintiff Amanda's career field is highly competitive, small, and elitist; only the best succeed.

Without positive recommendations from Plaintiff Amanda's professors, who are highly acclaimed throughout the art history world, Amanda's higher educational aspirations and future career goals came to a grinding stop. Based on the current view held by Amanda's professors, because of Amanda's Disabilities, such references are most unlikely.

Even Plaintiff Amanda's finishing the program and getting a master's degree from Defendant UTAustin will not make Amanda eligible for most jobs in this field.

Plaintiff Amanda's intelligence and discipline are not the issue impeding Amanda's progress, but rather the dampening effect of Amanda's Disabilities (now including chronic illness, chronic anxiety, fatigue, and pain) which have resulted in Defendant UTAustin viewing Amanda as a failure, rather than the hero Amanda truly is to continue the fight.

With Defendant UTAustin's Denials, Plaintiff Amanda's graduation with Amanda's Master's Degree is continually at risk.

Even as of this writing, Defendants discriminate against Plaintiff Amanda as to how other students are treated. At the link listed hereafter, Defendant UTAustin proudly includes pictures and a description of each of the Art History graduate students:   https://art.utexas.edu/people/graduate-students/art-history.   However, nowhere within the foregoing website owned and operated by Defendant UTAustin is Plaintiff Amanda referenced

Despite the readmission by Defendant UTAustin of Plaintiff Amanda AFTER the filing of this lawsuit, Defendants continue to treat Amanda as if Amanda is not really part of the Art History program.

Plaintiff Amanda has suffered severe physical, emotional, and economic harm as a result of the acts, omissions, and Denials committed by Defendant UTAustin as

to Plaintiff Amanda, and Amanda shall suffer future physical, emotional, and economic harm.

The effects of the acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda have severely impacted Amanda in many personal and physical manifestations, including but not being limited to:

(a) increased food and medication costs due to sensitivities/allergies;

(b) a limited availability of sensitivity friendly health products;

(c) unpredictable digestive issues limit diet, food availability, and social/travel options;

(d) exponentially increased stress and anxiety;

(e) greater emotional and relationship strain;

(f) increased medical treatment and therapy appointments;

(g) increased medical costs; and

(h) a loss of ability to enjoy the same life opportunities reasonably available to all others.

Further, the harmful results being suffered by Plaintiff Amanda caused by the acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda include but are not being limited to:

(a) an extreme and wrongful compromise of Amanda's current and future health;

(b) a jeopardized educational investment of Amanda's time and money;

(c) the deprivation of Amanda's chance to enjoy the same opportunities as others;

(d) a radically increased financial burden;

(e) an increased frequency of doctor visits;

(f) an increase frequency of specialists visits;

(g) an increase of non-insurance covered medical treatments (chiropractor);

(h) an increased food and natural supplement costs;

(i) an increased cost for allergy friendly health products;

(j) possible long term infertility;

(k) medication changes with cost increases;

(l) increased therapy and counselling sessions and costs;

(m) limited personal and professional travel opportunities which are key for a career that performs abroad;

(n) limited social opportunity;

(o) chronic pain and fatigue;

(p) chronic stress and anxiety;

(q) limited general activity;

(r) impaired cognition;

(s) increased required amount of sleep;

(t) no known course of treatment to cure autoimmune disease; and

(u) an increased risk of developing additional autoimmune diseases.

The acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda were intentional and in bad faith, made with full knowledge that the damage to Plaintiff Amanda would follow Amanda for the rest of Amanda's life, constituting conscious indifference by Defendant UTAustin.

The administrators, participating in the acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda are the applicable persons delegated with implementing and were implementing the policies and customs of Defendant UTAustin when committing the acts, omissions, and Denials committed by Defendant UTAustin as to Plaintiff Amanda.

## **CAUSES OF ACTION**

### **FIRST CAUSE OF ACTION**
(Failure to Accommodate under the ADA)

Under the ADA, a person is a qualified individual if she is "an individual who, with or without reasonable accommodation, can perform the essential functions or meet the essential requirements of the program in which [she] participates or in which [she] desires to participate.'"

Given Amanda's propensity to succeed in classes at UTAustin and outside of UTAustin, it is clear that she could perform the essential functions and exceed the requirements of the Art History program with reasonable accommodations.

As Amanda was unable to adequately progress in her classes due her bipolar disorder and depressive episodes as well as the complications of her treatment for bipolar disorder and depressive episodes, it is clear that her mental impairment substantially limits one or more of Amanda's major life activities.

When Amanda asked Dr. Clark to advise her thesis Dr. Clark denied Amanda due to her disabilities. Amanda had approved reasonable accommodations for her bipolar disorder and depressive episodes that would pose very little hardship on the Art History program.

Further, Amanda sought out accommodations in Dr. Clark's class for extended time on exams and homework assignments; the right to record lectures; flexibility in attendance; and taking exams in a reduced distraction environment and was denied the accommodations.

Amanda sought out accommodations in Professor Davies' class for or extended time on exams and homework assignments; the right to record lectures; flexibility in attendance; taking exams in a reduced distraction environment; additional restroom breaks. Accommodations were denied.

Amanda sought out accommodations in Professor Smith's class in multiple semesters for flexibility in attendance and flexibility in deadlines. Accommodations were denied on occasion.

Amanda sought out accommodations in Professor Frizzi' class for flexibility in attendance and flexibility of deadlines. Accommodations were denied.

Through the actions of Professor Papalexondrou, Professor Clark, Professor Davies', Professor Smith and Professor Frizzi, UTAustin discriminated against Plaintiff when Professor Papalexondrou, Professor Clark, Professor Davies', Professor Smith and Professor Frizzi were deliberately indifferent to Amanda's reasonable requests for an accommodation for her bipolar disorder and depressive episodes.

As a direct and proximate result of UTAustin's unlawful discrimination, Amanda has sustained and will continue to sustain injuries and damages.

## SECOND CAUSE OF ACTION
### (Violation of Rehabilitation Act)

As Amanda suffers from bipolar disorder and extreme depressive order, which affects her ability to learn, Amanda has a disability under the ADA and the Rehabilitation Act.

Defendant UTAustin receives federal financial assistance and is thus covered by Section 504.

Despite Amanda's academic abilities qualifying her for UTAustin's Art History Program, Amanda was discriminated against when UTAustin denied her the benefits of the Art History program through not providing reasonable accommodations to meet Amanda's needs and thus, denied Amanda the equal opportunity to receive an education as a student without a disability.

As a direct and proximate result of UTAustin's unlawful discrimination, Amanda has sustained and will continue to sustain injuries and damages.


### THIRD CAUSE OF ACTION
(ADA Retaliation)

The Art History department retaliated against Amanda's statutorily protected activity when they determined that Amanda would be required to complete coursework in Italian although having a background in French. Further, other students similarly situated were not subjected to the same coursework requirement.

Professor Papalexandrou retaliated against Amanda's statutorily protected activity of seeking a reasonable accommodation for her disability when Professor Papalexandrou began to treat Amanda poorly because Amanda had requested advisory assistance for her thesis and was subsequently denied.

Professor Clark retaliated against Amanda's statutorily protected activity of seeking a reasonable accommodation for her disability when Professor Clark began to treat Amanda poorly because Amanda had requested extended time for exams, recording lectures, flexibility in attendance and reduced stress environment for exams and was subsequently denied. Further, Professor Clark denied advising Plaintiff's thesis due to her disability delaying graduation.

Professor Davies retaliated against Amanda when Professor Davies treated Amanda poorly when Amanda sought accommodations in advancing her education for Professor Davies' class and was subsequently denied.

Professor Smith retaliated against Amanda for her seeking a reasonable accommodation when Professor Smith treated her poorly and denied the accommodation. Amanda was subsequently required to repeat the course due to the failure to accommodate.

## FOURTH CAUSE OF ACTION
(Rehabilitation Act Retaliation)

The Art History department retaliated against Amanda's statutorily protected activity when they determined that Amanda would be required to complete coursework in Italian although having a background in French. Further, other students similarly situated were not subjected to the same coursework requirement.

Professor Papalexandrou retaliated against Amanda's statutorily protected activity of seeking a reasonable accommodation for her disability when Professor Papalexandrou began to treat Amanda poorly because Amanda had requested advisory assistance for her thesis and was subsequently denied.

Professor Clark retaliated against Amanda's statutorily protected activity of seeking a reasonable accommodation for her disability when Professor Clark began to treat Amanda poorly because Amanda had requested extended time for exams, recording lectures, flexibility in attendance and reduced stress environment for exams and was subsequently denied. Further, Professor Clark denied advising Plaintiff's thesis due to her disability delaying graduation.

Professor Davies retaliated against Amanda when Professor Davies treated Amanda poorly when Amanda sought accommodations in advancing her education for Professor Davies' class and was subsequently denied.

Professor Smith retaliated against Amanda for her seeking a reasonable accommodation when Professor Smith treated her poorly and denied the accommodation. Amanda was subsequently required to repeat the course due to the failure to accommodate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant her relief as follows:

24

(1) Compensatory damages for financial loss, humiliation, mental anguish, and emotional distress;

(2) Punitive damages against the Defendant;

(3) Attorneys' fees;

(4) Costs of the suit; and

(5) Injunctive Relief.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trail by jury on all issues stated in this action.

Dated:  April 28, 2022                    Respectfully Submitted,

*/s/ Keith Altman*
Keith Altman
The Law Office of Keith Altman
33228 West 12 Mile Road - Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

AMANDA VALENZUELA

    *Plaintiff*,

v.

UNIVERSITY OF TEXAS AT
and JOHN CLARKE

    *Defendant*.

§
§
§
§
§
§
§
§
§

Civil Action No. 1:19-cv-01202-RP

---

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2022, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, thereby serving all registered users in this case.

       */s/ Keith Altman*
       Keith Altman, Esq.