IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMANDA VALENZUELA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:19-cv-01202-RP |
| THE UNIVERSITY OF TEXAS | § | |
| AT AUSTIN | § | |
| *Defendant.* | | |

---

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S THIRD AMENDED COMPLAINT

---

Pursuant to FED. R. CIV. P. 12(b)(1) and (6), Defendant The University of Texas at Austin ("UTAustin") files its Motion to Dismiss Plaintiff's Third Amended Complaint, and in support respectfully shows:

### I.  INTRODUCTION

This Court previously dismissed the majority of Plaintiff's claims of discrimination against UTAustin under Title II of the ADA and Section 504 of Rehab Act for failure to state a claim because they were barred by limitations. [Dkt. 47]. The Court dismissed the remainder of any claims within the actionable period for Plaintiff's failure to properly allege she was a qualified individual under either statute, but granted Plaintiff limited leave to amend her Complaint to do so. *Id.*  Plaintiff has now amended her Complaint for the third time.

For the very first time in her Third Amended Complaint, and outside the Court's limited grant of leave to amend, Plaintiff now attempts to assert claims for discrimination under *Title III*

of the ADA and for *retaliation* under the ADA and Rehab Act without the consent of UTAustin or leave of Court. [Dkt. 48 pp.2-3].[1]

Plaintiff has been granted numerous opportunities over the past two years to plead her claims, including in response to Defendant's motion for more definite statement as to her ADA and Rehab Act claims [Dkt. 4 and 6], subsequent leave to amend a second time [Dkt. 22], and leave to amend her complaint for the limited purpose of repleading her non-time-barred claims of discrimination under ADA Title II and the Rehab Act to properly allege facts of her disability to establish her status as a qualified individual. To the extent that Plaintiff still seeks relief for alleged discrimination under Title II of the ADA and Section 504 of the Rehab Act based on an actual disability, however, Plaintiff in her fourth try still fails to properly allege she was a qualified individual under either statute.

## II.  ISSUES PRESENTED

First, Plaintiff's new ADA Title III and retaliation claims are outside the limited grant of leave to amend Plaintiff's Complaint and should be stricken and dismissed accordingly. Alternatively, Plaintiff fails to plausibly allege a Title III or retaliation claim. Second, Plaintiff fails to properly allege she is a qualified individual (*i.e.*, that she had a specific disability – a mental impairment that substantially limited major life activities – at the time of the alleged discriminatory acts) under Title II of the ADA and/or Section 504 of the Rehab Act. Third, and in the alternative, Plaintiff's ADA discrimination and retaliation claims are barred by sovereign immunity. Fourth, to the extent that Plaintiff re-urges the very same discrete acts in support of her ADA and Rehab Act claims, this Court has dismissed Plaintiff's claims on limitations grounds and those claims remain barred by the same statute of limitation. Fifth, Plaintiff lacks standing: she has suffered no

---

[1]    It is not clear whether Plaintiff abandons her prior discrimination claims under ADA Title II or the Rehab Act, referencing Title II only for the reference to the definition of "disability". [Dkt. 48 p.2].

injury in fact which can be redressed by a favorable decision. Sixth, punitive damages are not recoverable on the claims asserted.

### III.  FACTUAL BACKGROUND

UTAustin disputes the recitation of facts contained in Plaintiff's Complaint; however, for ease of review the facts asserted in the Complaint are again briefly summarized. Plaintiff is a student at UTAustin working on her master's degree in Art History. [Dkt. 48 p.3]. In October 2015, Plaintiff presented documentation of a disability and registered for accommodations, which were granted by UTAustin. [Dkt. 48 p.4]. In late 2015, Plaintiff requested a medical leave of absence. UTAustin approved the request, and she took leave from her studies at UTAustin from Fall 2015 to August 2016. [Dkt. 48 p.5]. Upon her return, Plaintiff claims that her "troubles with Defendant UTAustin increased dramatically." *Id.* Plaintiff alleges that UTAustin violated the ADA, the Rehab Act, when it made several alleged "Denials" – discrete acts of discrimination and/or retaliation – between 2015 to the present. The only alleged "denials" within the actionable period consist of alleged refusals by certain faculty to advise Plaintiff. [Dkt. 48 pp.9-10, 12]. Failures to advise are the only "denials" made the basis of her ADA and Rehab Act claims, which were not previously found to be time-barred.[2] [Dkt. 48 pp.20-22].

The only new pleadings concerning any alleged impairment are an alleged diagnosis of "bipolar disorder and extreme depressive episodes" and an allergic reaction to prescribed medication resulting in Steven Johnson Syndrome and severe blistering in her mouth to the extent she struggled to drink water, all in 2015, which led her to take an approved medical leave of absence in late 2015. [Dkt.48 pp.4-5]. She only conclusorily alleges "it is clear that her mental

---

[2]  This Court has found the alleged denials of accommodations by Drs. Clarke, Davies, Smith, and Frizzi through April 2018, made the basis of the ADA and Rehab Act failure to accommodate claims to be barred by limitations. [Dkt. 48 pp.20-22; Dkt. 47 pp.6-7].

impairment substantially limits one or more of Amanda's major life activities," without identifying the major life activity; how any alleged disability substantially limited any such major life activity; or when the impairment manifested. [Dkt. 48 p.20]. Plaintiff still alleges no existing mental impairment which affected a major life activity within the actionable period.

In her Third Amended Complaint, Plaintiff alleges no new acts of discrimination. She does, however, attempt to allege new previously unasserted causes of action, outside the limited leave to amend granted by this Court, without any factual support: (1) discrimination under Title III of the ADA; and (2) retaliation under the ADA and Rehab Act. In the Third Amended Complaint, Plaintiff repleads the same alleged acts of discrimination made the basis of her Second Amended Complaint. Plaintiff limits her ADA and Rehab Act claims to "Failure to Accommodate" and "not providing reasonable accommodations".[3] [Dkt. 48 p.20, 22]. At best, the alleged acts made the basis of Plaintiff's claims are the alleged refusals by Drs. Clarke, Davies, and Papalexandrou not to provide advising assistance. Plaintiff, however, fails to articulate the actual accommodation sought, much less that she could perform the academic requirement with a reasonable accommodation and that UTAustin denied a request for a reasonable accommodation.

## IV.  STANDARDS OF REVIEW

### A.    Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

FED. R. CIV. P. 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

---

[3]   Notably, Plaintiff does *not* base her claims on any issue relating to any alleged denial financial aid or registration, or any coursework requirements.

"Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).[4]

**B.      Failure to State a Claim under Rule 12(b)(6)**

A motion to dismiss under RULE 12(b)(6) challenges the plaintiff's right to relief based on the facts he alleged in his complaint. To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court must accept all factual allegations as true, the Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679; and *Twombly,* 550 U.S. at 127. "'… [C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief ...." *Rios v. City of Del Rio, Texas,* 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied,* 549 U.S. 825 (2006). A court ruling on a

---

[4]      For this motion, UTAustin incorporates by references herein previous filings of record, including those relied upon by the parties and this Court in connection with UTAustin's Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. 27 with exhibits].

12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008).

## V.  ARGUMENT AND AUTHORITY

### A.    Plaintiff Fails to Timely or Properly State ADA Title III or Retaliation Claims

Plaintiff had neither UTAustin's consent nor this Court's approval to amend her complaint to add new causes of action. At no time over the past two and a half years and three prior attempts to plead her case has Plaintiff sought or been granted leave plead ADA Title III or retaliation claims. A failure to obtain leave to file an amended complaint "results in an amended complaint having no legal effect." *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). Regardless, substantial reason exists for denying leave now. Plaintiff has not shown any cause for her undue delay and repeated, and potentially dilatory, failure to cure any deficiencies by numerous amendments previously allowed. Further, Plaintiff provides no excuse for the prejudice to UTAustin at this late pleading stage or any showing that the current amendment is not futile. *See Herrmann Holdings, Ltd. v. Lucent Technologies, Inc.,* 302 F.3d 552, 566 (5th Cir. 2002).   For these reasons, UTAustin respectfully requests that the Court deny any yet-to-be-requested leave to amend and strike the ADA Title III and retaliation claims from Plaintiff's Complaint, dismissing those claims with prejudice.

UTAustin's motion to strike these claims notwithstanding, Plaintiff asserts no facts to support an any ADA Title III or retaliation claim.

### 1.  No ADA Title III Claim

Any potential ADA Title III claim is barred by sovereign immunity. Title III of the ADA prohibits discrimination against individuals because of their disabilities with respect to public

accommodations at the commercial facilities of private entities. 42 U.S.C. §§ 12181–12189. "Title III expressly does not apply to public entities". *Bloom v. Bexar County, Tex.*, 130 F.3d 722, 726 (5th Cir. 1997). Courts that have addressed the issue of sovereign immunity as it relates to Title III have found Congress's abrogation of States' Eleventh Amendment immunity under Title III of the ADA was not a valid exercise of Congress's § 5 authority under the Fourteenth Amendment. *See Shah v. Univ. of Tex. Southwestern Med. School*, 54 F.Supp.3d 681, 689-90 (N.D. Tex. 2014); *Simmang v. Texas Bd. of Law Exam'rs*, 346 F.Supp.2d 874, 882 (W.D. Tex. 2004).

Alternatively, Plaintiff fails to state a Title III claim. To assert a viable claim under Title III, a plaintiff must satisfy three elements: (1) she has a disability; (2) the place that the defendant owns, leases, or operates is a place of public accommodation; and (3) she was denied full and equal enjoyment of that place because of her disability. 42 U.S.C. § 12182(a). For the reasons discussed below in Section B, Plaintiff fails to allege she has a disability under the ADA. Moreover, this is not an access to place case. The alleged academic issues made the basis of Plaintiff's claims do not state a claim under Title III. *See Maske v. University of Phoenix*, Case No. A-13-CV-697-SS, 2013 WL 4434249 at *2 (W.D. Tex. Aug. 16, 2013) (unpublished). Finally, damages are not available for violation of Title III and Plaintiff fails to allege facts establishing her entitlement to any unpleaded injunctive relief (i.e., (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs the threatened harm the injunction may cause the opposing party; and (4) the injunction will not disserve the public interest.) *See Enrique Bernat F., S.A. v. Guadalajara, Inc.,* 210 F.3d 439, 442 (5th Cir. 2000).

Finally, for all of the reasons previously briefed and addressed below, and further in the alternative, this ADA claim is also barred by limitations.

### 2.  No Retaliation Claim

Even if allowed to amend her claim to assert claims for retaliation under the ADA or Rehab Act, Plaintiff fails to state a claim under either.[5] A plaintiff claiming retaliation must demonstrate three elements: (1) she engaged in a protected activity; (2) she suffered an adverse action; and (3) there is a causal connection between the two. *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008); *cf. Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 148 (2d Cir. 2002) (applying the elements of a retaliation claim in an educational setting, including as an additional element the requirement that the alleged retaliator have knowledge of the protected activity). The action supporting the retaliation claim must be "materially adverse," or "one that would dissuade a reasonable [student] from making or supporting a charge of discrimination." *See Stewart v. Miss. Trans. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009).

Plaintiff has failed to allege any actual protected activity to support a retaliation claim. She identifies no actual opposition to disability discrimination or participation in any qualifying proceeding.[6]   Further, Plaintiff fails to allege any materially adverse action in the academic context, much less one within the actionable period not barred by limitations.[7] Finally, Plaintiff fails to allege that any materially adverse action was caused by and proximate in time to any alleged protected activity of which any alleged decisionmaker had actual knowledge. To demonstrate causation, a plaintiff must show that her employer would not have committed the complained-of employment action "but for" the plaintiff's protected activity. *See Univ. of Tex. Sw.*

---

[5]   Plaintiff's ADA retaliation claim is barred by sovereign immunity for the same reasons Plaintiff's ADA Title II claims against UTAustin are barred by sovereign immunity. *See Alaoui v. Univ. of Tex. Health Sci. Ctr. at Houston*, Case No., 2021 WL 4480745 *2 (S.D. Tex. Sept. 30, 2021) (unpublished).

[6]   As discussed below, she also fails to describe any particular request for a specific accommodation within the actionable period.

[7]   Claims under the ADA and Rehab Act are governed by the two-year statute of limitation. *Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011). Any retaliation claim based on any retaliatory act which occurred prior to April 28, 2020 (two-years prior to the assertion of these claims on February 28, 2022) are barred by limitations.

*Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013). Plaintiff's general and conclusory allegations concerning any alleged protected activity and the lack or any factual allegation concerning the cause of any adverse employment action do not suffice to prevent a motion to dismiss. As such, Plaintiff has failed to plausibly allege any retaliation claim.

**B.     Latest Pleading Fails to State a Claim under the ADA and/or Rehab Act**

    **1.  Failure to State a Claim of Discrimination**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[8] 42 U.S.C. § 12132. To make a case of discrimination under Title II, Plaintiff must show: (1) she is a "qualified individual" under the ADA; (2) she was excluded from participation in, or denied the benefits of, services, programs, or activities for which UT is responsible; and (3) the exclusion was by reason of disability.[9] *Block v. Texas Board of Law Examiners.* 952 F.3d 613, 618 (5th Cir. 2020). At the dismissal stage, a plaintiff must plead sufficient facts on all of the ultimate elements to make her case plausible. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

As to the threshold element, a "qualified individual" is a person with a "physical or mental impairment that substantially limits one or more major life activities," a record of such impairment, or being regarded as having such an impairment. 42 U.S.C. § 12102(1).[10] "Major life

---

[8]     Claims under § 504 and the ADA are evaluated together. *D.A. ex rel. Latasha A. v. Hous. Indep. Sch. Dist.,* 629 F.3d 450, 453 (5th Cir. 2010). "[P]recedent interpreting or applying the ADA applies with equal force to a claim under the [Rehab Act]." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020).

[9]     A claim under the Rehab Act additionally requires in the third prong that the plaintiff was discriminated against "solely by reason of her or his disability." *Hileman v. City of Dallas*, 115 F.3d 352, 353 (5th Cir. 1997) (quoting 29 U.S.C. § 794(a)); *Shurb v. Univ. of Tex. Health and Sci. Ctr. at Hous.-Sch. of Med.*, 63 F.Supp.3d 700, 707 (S.D. Tex. 2014).

[10]    The first element of a *prima facie* case under § 504 of the Rehab Act is the same as under Title II of the ADA. 29 U.S.C. §§ 705(9)(B), 20(B), 794(a); *Cadena*, 946 F.3d at 723.

activities" are "those activities that are of central importance to daily life." *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 655 (5th Cir. 2003). "[T]o be substantially limited means to be unable to perform a major life activity that the average person in the general population can perform, or to be significantly restricted in the ability to perform it." *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011). The Supreme Court has interpreted this term strictly "to create a demanding standard to qualifying as disabled." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002).

It is well established that "[m]erely having an impairment ... does not make one disabled for purposes of the ADA." *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 (5th Cir. 2009). While Plaintiff lists certain alleged "disabilities" as of May 2017 [Dkt. 48 p.7] (the same as alleged in her prior Complaint), this is not sufficient to qualify as a disability. The Fifth Circuit has held that "[i]ndividuals claiming disability status under the ADA may not rely merely on evidence of a medical diagnosis of an impairment but must present evidence that the extent of the limitation [caused by their impairment] in terms of their own experience ... is substantial." *Arredondo v. Gulf Bend Ctr.*, 252 F. App'x 627, 630 (5th Cir. 2007). Further, a plaintiff must allege that she was a "qualified individual with a disability" *at the time of the discriminatory act*. *Hale*, 642 F.3d at 501.

As in her Second Amended Complaint, Plaintiff fails to meet her pleading burden on this element of her claim. The majority of Plaintiff's complaint makes only conclusory statements that UTAustin discriminated against her based on her alleged disabilities (*e.g.*, "it is clear that her mental impairment substantially limits one or more of Amanda's major life activities" [Dkt. 48 p.20]).[11]  Plaintiff fails to identify the major life activity; how any alleged disability substantially

---

[11]   Plaintiff's pleading of "personal and physical manifestations" are in the context of the "effects of the acts, omissions, and Denials committed by Defendant UTAustin [Dkt. 48 p.17] in support of her claim for compensatory damages, and are not, as this Court pointed out in its April 2022 Order, a pleading of a substantial impairment of a major life activity at the time of the alleged acts of discrimination. [Dkt. 47 p.12].

limited any such major life activity; and/or if or when the impairment manifested during the actionable period. Apart from alleging that Plaintiff registered with UT to receive accommodations, Plaintiff fails to explain what disabilities she had at the time of the alleged instances of discrimination within the actionable period. Conclusory statements that she was discriminated against and vague allegations of having a disability do not show Plaintiff had a "physical or mental impairment that substantially" limited her ability to engage in activities "of central importance to daily life." *Waldrip*, 325 F.3d at 655. The only places in Plaintiff's complaint where Plaintiff possibly identified allegations of a specific impairment having an impact on Plaintiff's life is on page 7 of her Complaint, where she only generally alleges that her diagnosis of Hashimoto's Thyroiditis impacted her ability to engage in school and work in the spring of 2017. [Dkt. 48 p.7]. However, as the Court previously found, Plaintiff's allegations from this period to be time-barred.[12] The only new allegations concerning any alleged mental impairment are an alleged diagnosis of "bipolar disorder and extreme depressive episodes" in 2015, which led her to take an approved medical leave of absence later that year. [Dkt.48 pp.4-5]. Despite Plaintiff's failure to allege any impact on any major life activity related to these alleged diagnoses, allegations from this period are also time-barred.

Further in the alternative, even if Plaintiff had plausibly pleaded that she had a qualifying disability, she has failed to plead that she was excluded from participation in, or denied the benefits of, services, programs, or activities for which UTAustin is responsible during the actionable period. After her leave of absence, she was readmitted to her academic program [Dkt. 48 pp.14, 16]; Dr. Davies, as supervising professor, and Dr. Clarke, as second reader, approved Plaintiff's

---

[12] Although Plaintiff alleges examples of how her treatment by UT *exacerbated* her disabilities [Dkt. 48 p.17], this fails to meet the pleading requirement that Plaintiff allege the specific disabilities she was experiencing at the time of the discriminatory acts. *Hale*, 642 F.3d at 501.

thesis topic and plan of work in July 2020 [Dkt. 27.4]; and Plaintiff has presented her Colloquium [Dkt. 29 ₱5]; and was granted permission to complete her final thesis [Dkt. 29 ₱5].

Her failures to plead the first two elements notwithstanding, Plaintiff also fails to plausibly allege that any exclusion from participation in or denial any benefit of, service, program, or activity was *by reason of any disability*. Again, Plaintiff makes only conclusory allegations that UTAustin committed violations under the ADA or the Rehab Act. Plaintiff's subjective belief that Defendants discriminated against her because of her disability, no matter how genuinely held, cannot establish discrimination. *See Matthews v. United Bhd. of Carpenters & Joinders of Am.,* 228 F. App'x 436, 440 (5th Cir. 2007). The Complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft,* 556 U.S. at 678.

### 2.  No Failure to Accommodate Claim

"To succeed on a failure-to-accommodate claim, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Cadena*, 946 F.3d at 724. "[W]here the disability, resulting limitations, and necessary reasonable accommodation are not open, obvious and apparent to the [entity], the initial burden rests primarily upon the employee to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *E.E.O.C. v. Chevron*, 570 F.3d at 621. An accommodation is considered unreasonable if it "fundamentally alter[s] the nature of service, program or activity." 28 C.F.R. § 35.130(b)(7). Importantly, "[a]cademic requirements that the recipient can demonstrate are essential to the instruction being pursued ... or to any directly related licensing requirement will not be regarded as discriminatory ...." 34 C.F.R. § 104.44(a).

As shown, Plaintiff has not met the pleading threshold to establish that she is a qualified individual with a disability at the time of each alleged denial of an accommodation within the

actionable period. Further, however, Plaintiff also fails to plead: (1) that each named faculty member knew of any alleged disability and/or its consequential limitations; (2) what specific accommodation, if any, was requested; (3) when within the actionable period the accommodation was requested; (4) the reasonableness of any such requested accommodation; and/or (5) any failure to make any reasonable accommodation based on any known limitations.

Plaintiff has not pleaded sufficient facts to establish a plausible claim of discrimination based on disparate treatment or a failure-to-accommodate under the ADA or Rehab Act, and these claims must be dismissed.

## C.    Plaintiff's ADA Claims Barred by Sovereign Immunity

Federal courts "may not entertain a private person's suit against a State," unless the State has waived its sovereign immunity or Congress has abrogated it by legislation. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011). "Sovereign immunity deprives the court of jurisdiction," so "claims barred by sovereign immunity can be dismissed" under Rule 12(b)(1). *City of Schertz v. United States Dep't of Agric. by & through Perdue*, No. 18-CV-1112-RP, 2019 WL 5579541, at *2 (W.D. Tex. Oct. 29, 2019) (citing *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996)). Sovereign immunity applies to actions against state agencies and state instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). "[A]suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 137 S. Ct. 1285, 1293 (2017). It is undisputed that UTAustin is a public university and governmental entity.[13]

---

[13]    [Dkt. 48 p.2]; Tex. Gov't Code § 572.002(10)(B) (defining a state agency to include a university system or institution of higher education); TEX. EDUC. CODE § 67.02 (defining The University of Texas at Austin); Tex. Educ. Code § 65.02 (establishing that UTAustin is part of The University of Texas System).

Congress has expressly declared that states "shall not be immune" from suit for a violation of the ADA. 42 U.S.C. § 12202. However, Congress's purported abrogation must be a valid exercise of its § 5 power. *City of Boerne v. Flores,* 521 U.S. 507, 520 (1997). Within the context of ADA claims, the Supreme Court has determined that a State's immunity is waived only in limited contexts. *Bd. of Trustees of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001). To determine whether Title II of the ADA is a valid exercise of Congress's authority under § 5 of the Fourteenth Amendment, courts apply the three-part inquiry set forth by the Supreme Court in *United States v. Georgia,* 546 U.S. 151 (2006); *see also Block,* 952 F.3d at 617. In particular, the Court has, thus far, determined that immunity is only abrogated in cases implicating issues regarding access to courts (*Tenn. v. Lane,* 541 U.S. 509 (2004)), or in cases where there is a violation of a fundamental right under the Fourteenth Amendment. *United States v. Georgia,* 546 U.S. 151, 159 (2006). Under *Georgia*:

> A court must determine, on a "claim-by-claim basis": (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Block,* 952 F.3d at 617. A court must first decide whether a plaintiff has stated a claim under Title II – the first step of *Georgia* – before reaching the question of whether abrogation was proper under step three. *Id.* "If a plaintiff alleges *no* conduct that violates Title II, the inquiry ends." *Id.* at 617, n.11.

## 1.   Plaintiff fails to state a claim under Title II of the ADA.

Determining whether UTAustin has immunity from Plaintiff's claims under Title II, requires only that the Court apply the Rule 12(b)(6) standard to Plaintiff's allegations in assessing whether she has stated a plausible claim. *Hale*, 642 F.3d at 498. As shown in Section B above,

Plaintiff provides insufficient factual support as to her status as a qualified individual under the ADA, as well as which aspects of UTAustin's alleged conduct violated Title II in order to meet the first step of the *Georgia* test. Because Plaintiff has alleged *no* conduct that violates Title II, her ADA claims must be dismissed for lack of jurisdiction pursuant to RULE 12(b)(1), based on UTAustin's sovereign immunity.

### 2.   Plaintiff alleges no violation of any fundamental Fourteenth Amendment right.

Only if it is determined that aspects of UTAustin's alleged conduct violated Title II for purposes of the *Georgia* analysis, the Court must consider "to what extent such misconduct also violated the Fourteenth Amendment." *Hale*, 642 F.3d at 498 (quoting *Georgia*, 546 U.S. at 159). Even if Plaintiff had stated an ADA claim, which she has not, Plaintiff fails the second *Georgia* prong – she alleges no due process violation by UTAustin. For this element, Plaintiff's ADA claim must sufficiently allege a violation of some fundamental right under the Fourteenth Amendment. Plaintiff has not articulated any such fundamental right by UTAustin in connection with her academic pursuits. Section 1 of the Fourteenth Amendment provides, in relevant part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

As understood by the Supreme Court, this constitutional edict does not oblige states "to make special accommodations for the disabled, so long as their actions toward such individuals are rational." *Garrett*, 531 U.S. at 367.

Accepting the factual complaint allegations as true and construing them in the light most favorable to Plaintiff, UTAustin fulfilled any obligation to Plaintiff, and she alleges no impermissible interference with any alleged due process right. Plaintiff's allegations do not implicate Fourteenth Amendment concerns because Plaintiff's allegations do not implicate any

fundamental right. Because there is no indication that the UTAustin ever curtailed or threatened any life, liberty, or property interest, any alleged conduct on the part of UTAustin could not have "actually violate[d]" Plaintiff's fundamental rights. *See Georgia*, 546 U.S. at 159.

A state's conduct does not violate the Fourteenth Amendment if it is "rationally related to a legitimate state interest." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000). When challenging state action that is subject only to rational basis review, "the burden is upon the challenging party to negative any reasonably conceivable state of facts that could provide a rational basis for the classification." *Garrett*, 531 U.S. at 367 (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)). Plaintiff has not satisfied that burden to allege any violation of his Fourteenth Amendment due process rights to support her ADA claim.

### 3.   Alternatively, there is no congruence/proportionality to support an ADA Claim.

If and only if Plaintiff stated a claim under Title II (which she has not), the Court would have only one more question to answer: Is any purported abrogation of sovereign immunity as to the alleged conduct on the part of the UTAustin nevertheless valid? *Hale*, 642 F.3d at 498 (citing *Georgia*, 546 U.S. at 159). The answer is no.

To establish the validity of any alleged abrogation of sovereign immunity when the allegations state a claim under Title II but not under the Fourteenth Amendment, "there must be a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." *City of Boerne v. Flores*, 521 U.S. 507, 519-20 (1997); *see also Wells v. Thaler*, 460 Fed. App'x 303, 311 (5th Cir. 2012) (per curiam). Congruence and proportionality are evaluated on a case-by-case basis. What may be appropriate prophylactic legislation with respect to one class of state conduct may be wholly unwarranted with respect to another. *Id.* at 530. In *Tennessee v. Lane*, the Supreme Court applied the *Boerne* test in the ADA Title II context, finding

"Title II, as it applies to the class of cases implicating the fundamental right of *access to the courts*, constitutes a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth Amendment." *Lane*, 541 U.S. at 533-34. To reach its decision, the *Lane* Court took three steps: (1) it identified the rights Congress sought to enforce in its enactment of Title II; (2) it considered the specific historical experience of the access to courts violation; and (3) it asked whether Title II was an appropriate response to a history and pattern of unequal treatment in the access to courts context.

Unlike any undescribed constitutional right asserted by Plaintiff, access to the courts is a fundamental right. A State's robust due-process obligation to provide meaningful access to the courts is much more expansive than the wide latitude a State enjoys in equal protection cases that do not involve a suspect classification or a fundamental right. A State may treat similarly situated individuals differently so long as the classification meets the rational basis test.

While Congress is the final authority as to desirable public policy, to authorize private individuals to recover money damages against States, the remedy imposed by Congress must be congruent and proportional to the targeted violation. Such requirements are not met here because Title II's affirmative duty to accommodate any Plaintiff's alleged disability needs is not congruent and proportional to UTAustin's wide latitude in providing academic service offerings to students that are rationally related to a legitimate state interest. Under these circumstances, § 5 of the Fourteenth Amendment "does not so broadly enlarge congressional authority." *Garrett,* 531 U.S. at 357. Therefore, on the facts of this case, because there is no abrogation of UTAustin's sovereign immunity and the Eleventh Amendment precludes Plaintiff's ADA claims against UTAustin, Plaintiff's ADA claims should be dismissed for lack of subject matter jurisdiction.

D.      **Claims Barred by Limitations**

Plaintiff reasserts causes of action based upon: (1) UTAustin's alleged challenge to her financial aid in 2016; (2) alleged denial of accommodations in 2015 and requirement to select independent studies courses in late 2016; (3) denial of accommodations between 2015-2017; and (4) alleged denials of accommodations in Art and Italian courses in 2018. This Court has previously dismissed those claims as barred by limitations, rejecting any equitable tolling or "continuing violation" theory.[14] [Dkt. 47]. Plaintiff does not allege any new acts of discrimination.[15] Subject to and without waiving its other asserted defenses to Plaintiff's claims, the only potentially non-time barred acts upon which she rests her claims are: (1) the alleged denial of advising assistance in October 2018 [Dkt. 48 p.9]; (2) the alleged failure to schedule colloquium in November 2018 [Dkt. 48 p.14]; and (3) Dr. Clarke's refusal to "take Amanda on and advise Amanda as to Amanda's thesis" in Spring 2020 [Dkt. 48 p.12]. Notably, in the pleading of her causes of action based on alleged failures to accommodate [Dkt. 48 pp.20-22] (excluding the recycled time-barred claims), Plaintiff does *not* base her claims on any issue relating to any alleged denial of financial aid or registration, or any dispute over course requirements.

---

[14]   The continuing violation doctrine also does not apply to retaliation claims, both of which require discrete acts. *See Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 737 (5th Cir. 2017), *as revised* (Mar. 13, 2017). *See also, Pegram v. Honeywell,* 361 F.3d 272, 279 (5th Cir. 2004) ("the continuing violations doctrine is equitable in nature and extends the limitations period on otherwise time barred claims only when the unlawful employment practice manifests itself over time, rather than as a series of discrete acts."); *McGregor v. Louisiana State Univ. Bd. of Sup'rs*, 3 F.3d 850, 867 (5th Cir. 1993) (recognizing "[a] plaintiff cannot use the continuing violation theory to resurrect claims about discrimination ... concluded in the past, even though its effects persist"); *Lyles v. Univ. of Tex. Health Sci. Ctr., San Antonio*, CIVASA-09CV0828FBNN, 2010 WL 1171791, at *2 (W.D. Tex. Mar. 24, 2010) (the continuous violation doctrine does not apply to the inability to transfer academic credits and residency, which is an effect of an allegedly discriminatory action for failure to readmit).

[15]   The Court did not grant Plaintiff leave to amend her complaint to allege facts to save her time-barred claims, ruling: "First, as to the claims the Court identified as being barred by the statute of limitations, those claims are dismissed, and Plaintiff will not be permitted to amend them." [Dkt. 47 p.13].

---

E.    **Plaintiff Lacks Standing**

Arguing in the alternative, Plaintiff fails to establish standing to assert her ADA and Rehab Act claims. "[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). To establish standing, "the plaintiff must demonstrate injury in fact that is fairly traceable to the defendant's conduct and that would be redressed by a favorable judicial decision." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 396 (5th Cir. 2015). Plaintiff has wholly failed to meet her burden of establishing each aspect of legal standing. *See Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009).

Plaintiff fails to articulate any actual injuries with regards to the alleged discriminatory and/or retaliatory allegations, concerning advising assistance, scheduling, and/or any academic requirements to complete her program of study. [Dkt. 48 pp.8, 11, 14]. "At the pleading stage, allegations of injury are liberally construed," but allegations of conjectural or hypothetical injury are not sufficient to establish standing. *Id.* (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344–46, 350 (2006)). While Plaintiff alleges she previously scheduled her colloquium in November 2018, she had not met the requirements for scheduling it at that time. In November 2018, Plaintiff had not completed and submitted her written prospectus for her thesis as required by the Guide to Graduate Studies in Art History. [Dkt. 27 pp.19-20]. She completed her written prospectus in July 2020 [Dkt. 27 p.20], and subsequently scheduled and completed her colloquium [Dkt. 29 ¶ 3]. Similarly, Plaintiff alleges no injury following her readmission into the master's program. [Dkt. 48 p.14]. Plaintiff was informed on May 8, 2020 that the faculty had voted to readmit her to the program – within one month of her request. [Dkt. 48 p.16; Dkt. 27.7]. Not only

did she fail to plead an injury; any relief in the form of readmission, advising assistance, thesis supervision, and/or scheduling and completion of her colloquium are now moot.

Furthermore, Plaintiff cannot show that any of her alleged injuries can be redressed by a favorable decision. It must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiff requests no specific injunctive relief in her Complaint. As shown above, she was readmitted years ago; provided the necessary supervision of her thesis; completed her colloquium; and continues to progress in her academic program in the Department of Art and Art History in the College of Fine Arts at UTAustin.

## F.    No Claims for Punitive Damages

Plaintiff has no claim for punitive damages against UTAustin. [Dkt. 48 p.25]. *See Barnes v. Gorman,* 536 U.S. 181 (2002) (punitive damages may not be awarded in private actions brought to enforce Title VI, section 202 of the ADA, or section 504 of the Rehabilitation Act).

## VI.  CONCLUSION

Leave to amend the Complaint to add the ADA Title III and retaliation claims should be denied and those claims stricken or otherwise dismissed for failure to state a claim or as barred by limitations. Plaintiff's claims under the ADA and Rehab Act should be dismissed for failure to state a claim for failure to properly allege: (1) she was a qualified individual at any time during the actionable period; (2) she was denied any benefit because of any discriminatory animus based on any alleged disability; and/or (3) she requested and was denied any reasonable accommodation. The claims the Court previously found to be barred by limitations remain time-barred. Even if Plaintiff had stated an ADA claim, any such claim is barred by UTAustin's sovereign immunity.

Otherwise, Plaintiff's claims must be dismissed for lack of standing because Plaintiff has suffered no injury in fact which can be redressed by a favorable decision.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court grant its motion; dismiss each of Plaintiff's claims with prejudice; and grant any such other and further relief to which Defendant has shown itself to be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

/s/ *Jeffrey E. Farrell*
JEFFREY E. FARRELL
Texas Bar No. 00787453
Federal Bar No. 16842
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
General Litigation Division - 019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2120
Facsimile: (512) 320-0667
jeffrey.farrell@oag.texas.gov

**ATTORNEY-IN-CHARGE FOR DEFENDANT**
**THE UNIVERSITY OF TEXAS AT AUSTIN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served through CM/ECF filing on this the 3rd day of June, 2022, upon the following counsel of record:

Keith Altman
33228 West 12 Mile Rd., Suite 375
Farmington Hills, MI 48334

*Via email:* keithaltman@kaltmanlaw.com

/s/ *Jeffrey E. Farrell*
**Jeffrey E. Farrell**
Assistant Attorney General