IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AMANDA VALENZUELA,<br>    *Plaintiff,*<br><br>v.<br><br>THE UNIVERSITY OF TEXAS<br>AT AUSTIN<br>    *Defendant.* | §<br>§<br>§<br>§<br>§   Civil Action No. 1:19-cv-01202-RP<br>§<br>§<br>§ |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant The University of Texas at Austin ("UT Austin") files its Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint [Dkt. 52], and in support respectfully shows:

### I. ISSUES PRESENTED

First, Plaintiff's new retaliation claims are outside the limited grant of leave to amend Plaintiff's Complaint and should be stricken and dismissed. Alternatively, Plaintiff fails to plausibly allege a retaliation claim. Second, Plaintiff fails to properly allege she is a qualified individual under Title II of the Americans with Disabilities Act ("ADA") and/or Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"). Third, and in the alternative, Plaintiff's ADA discrimination and retaliation claims are barred by sovereign immunity. Fourth, to the extent that Plaintiff re-urges the very same discrete acts in support of her ADA and Rehab Act claims, this Court has dismissed Plaintiff's claims on limitations grounds and those claims remain barred by the same statute of limitation. Fifth, Plaintiff lacks standing because she has suffered no injury in fact which can be redressed by a favorable decision.

Plaintiff states that any allegation of an ADA Title III claim was inadvertent and that she is not alleging a claim under Title III. Plaintiff also does not dispute that she is not entitled to punitive damages on any asserted claim.

## II.  ARGUMENT AND AUTHORITY

A.  **Plaintiff Fails to Timely or Properly State Retaliation Claims**

The Court allowed Plaintiff "to amend her claims subject to certain limitations." [Dkt. 47 p. 13]. "[I]nsofar as Valenzuela asserts claims against UT pursuant to the ADA or Rehab Act that are not time-barred, the Court will permit her *to amend those claims*." *Id.* (emphasis added). She had not, however, previously asserted any claim for retaliation under either statute in her previous three pleading attempts. There was no such claim to be amended. They are new causes of action. Further clarifying the limitation on any amendment, "The Court notes that it dismissed both Valenzuela's ADA and Rehab Act claims because *she did not properly allege she was a qualified individual under either the ADA or the Rehab Act*." *Id.* (emphasis added). Leave to amend was granted only to allow Plaintiff to correct this defect, not to assert new claims. For these reasons, UT Austin respectfully requests that the Court deny leave to amend and strike the retaliation claims from Plaintiff's Third Amended Complaint, dismissing those claims with prejudice.

Notwithstanding the grounds for this motion to strike, Plaintiff still fails to plead facts necessary to state a retaliation claim under the ADA or Rehab Act. Plaintiff has failed to allege any actual protected activity to support a retaliation claim, and Plaintiff has failed to establish she is a qualified individual with a disability under either statute. Moreover, she identifies no actual opposition to disability discrimination or participation in any qualifying proceeding, generally alleging only that her request for an accommodation is protected activity. She fails, however, fails to describe any particular request for a specific accommodation within the actionable period,

failing to plead: (1) that each named faculty member knew of any alleged disability and/or its consequential limitations; (2) what specific accommodation, if any, was requested; (3) how the accommodation was requested; and/or (4) when within the actionable period the accommodation was requested.[1]

Further, Plaintiff fails to allege any materially adverse action in the academic context, much less one within the actionable period not barred by limitations. In pleading the retaliation causes of action [Dkt. 48 pp.22-24], Plaintiff merely reasserts the actions by Drs. Papalexandrou, Clarke, Davies, and Smith – previously found by this court to be time-barred – as the material adverse actions supporting her retaliation claims.[2] Nevertheless, the stated actions do not meet the materially adverse standard in the academic context, and Plaintiff cites no authority in this regard.

Finally, Plaintiff fails to allege that any actual materially adverse action was caused by and proximate in time to any alleged protected activity of which any alleged decisionmaker had actual knowledge (*i.e.*, that any past request for accommodation was the "but for" cause of any materially adverse action). Plaintiff cannot tie any alleged protected activity from 2015-2017 or the alleged request for a waiver of a language requirement in April 2018 to any materially adverse action within the actionable period. Plaintiff was not deprived any significant benefit and suffered no actual change in benefits under the ADA or Rehab Act. Plaintiff's general and conclusory allegations concerning any alleged protected activity are tenuous at best. Because her complaint

---

[1] Plaintiff alleged denial of accommodations in 2015; denial of accommodations between 2015-2017; and alleged denials of accommodations in Art and Italian courses in 2018, all previously dismissed as barred by limitations.

[2] Plaintiff's attempt in her response to expand the scope of the adverse action to include the scheduling of her Colloquium (before she had met the requirements for scheduling [Dkt. 51 p.19]), alleged denials of requested faculty advice, and her decision not to register for classes in spring 2020 [Dkt. 29 ¶ 26(r)] is unavailing. After she chose to take a leave of absence (UT Austin did not refuse to allow her to register), she was readmitted to her academic program [Dkt. 48 pp.14, 16]; Dr. Davies, as supervising professor, and Dr. Clarke, as second reader, approved Plaintiff's thesis topic and plan of work in July 2020 [Dkt. 27.4]; and Plaintiff has presented her Colloquium [Dkt. 29 ¶5]; and was granted permission to complete her final thesis [Dkt. 29 ¶5].

lacks any factual allegation concerning the cause of any adverse action, Plaintiff fails to plausibly allege any retaliation claim.

**B.  Latest Pleading Fails to State Discrimination Claim under the ADA and/or Rehab Act**

In her Third Amended Complaint, Plaintiff alleges no new acts of discrimination. Instead, Plaintiff repleads the same alleged acts of discrimination made the basis of her Second Amended Complaint. Plaintiff limits her ADA and Rehab Act claims to "Failure to Accommodate" and "not providing reasonable accommodations".[3] [Dkt. 48 p.20, 22]. At best, the alleged acts made the basis of Plaintiff's claims are the alleged refusals by Drs. Clarke, Davies, and Papalexandrou not to provide advising assistance. Plaintiff, however, fails to articulate the actual accommodation sought, much less that she could perform the academic requirement with a reasonable accommodation and that UT Austin denied a request for a reasonable accommodation.

**1. Failure to State a Claim of Discrimination**

To make a case of discrimination under the ADA and/or Rehab Act, Plaintiff must first show she is a "qualified individual" under the statutes (*i.e.*, a person with a physical or mental impairment that substantially limits one or more major life activities – a demanding standard).[4] The Court previously found that Plaintiff failed to meet her threshold pleading burden on this element because the Second Amended Complaint failed to allege facts identifying a qualifying disability and made only conclusory statements that UT Austin discriminated against her based on her alleged disabilities. [Dkt. 47 pp.11-12]. She still fails to meet this threshold.

---

[3] Notably, Plaintiff does *not* base her claims on any issue relating to any alleged denial financial aid or registration, or any coursework requirements.
[4] *See Block v. Texas Board of Law Examiners.* 952 F.3d 613, 618 (5th Cir. 2020); *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 655 (5th Cir. 2003); *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011); *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002). "Merely having an impairment ... does not make one disabled … ." *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 (5th Cir. 2009).

In her Response, Plaintiff confirms the only new pleadings concerning any alleged impairment are an alleged diagnosis of "bipolar disorder and extreme depressive episodes" in 2015.[5] [Dkt.48 pp.4]. She only conclusorily alleges "it is clear that her mental impairment substantially limits one or more of Amanda's major life activities," without identifying the major life activity; how any alleged disability substantially limited any such major life activity; or when the impairment manifested. [Dkt. 48 p.20]. As this Court has noted, a plaintiff must allege that she was a "qualified individual with a disability" *at the time of the discriminatory act*. [Dkt. 47 p.12, citing *Hale*, 642 F.3d at 501]. Plaintiff still alleges no existing mental impairment which affected a major life activity within the actionable period. There is no allegation in the complaint as to how or when any "bipolar disorder and extreme depressive episodes" actually manifested. Despite Plaintiff's failure to allege any impact on any major life activity related to these alleged diagnoses, allegations from this period are also time-barred.[6]

Even had Plaintiff plausibly pleaded that she had a qualifying disability, she fails to plead that she was excluded from participation in, or denied the benefits of, services, programs, or activities for which UT Austin is responsible *during the actionable period*. Again, after her leave of absence, she was readmitted to her academic program [Dkt. 48 pp.14, 16]; Dr. Davies, as supervising professor, and Dr. Clarke, as second reader, approved Plaintiff's thesis topic and plan of work in July 2020 [Dkt. 27.4]; and Plaintiff has presented her Colloquium and was granted permission to complete her final thesis [Dkt. 29 ⁋5].

---

[5]  Plaintiff also realleges the same alleged conditions previously rejected by this Court as qualifying disabilities. [Dkt. 52 pp.13].
[6]  In her Response, Plaintiff conclusorily alleges that she "suffers these impairments to the present day", and essentially admits that the Complaint does not plead the existence of any qualifying disability at the time of any alleged discriminatory act. [Dkt. 52. p.14].

Not only does Plaintiff fail to plead the first two elements of her discrimination claims, but she also fails to plausibly allege that any exclusion from participation in or denial of any benefit of a service, program, or activity was by reason of any disability. Plaintiff makes only conclusory allegations that UT Austin committed violations; her subjective belief that Defendants discriminated against her because of her disability cannot establish discrimination.

### 2. No Failure to Accommodate Claim

"Academic requirements that the recipient can demonstrate are essential to the instruction being pursued ... or to any directly related licensing requirement will not be regarded as discriminatory ...." 34 C.F.R. § 104.44(a). Plaintiff fails to meet the pleading threshold to establish that she is a qualified individual with a disability at the time of each alleged denial of an accommodation within the actionable period. Moreover, Plaintiff also fails to plead: (1) that each named faculty member knew of any alleged disability and/or its consequential limitations;[7] (2) what specific accommodation, if any, was requested;[8] (3) when within the actionable period the accommodation was requested; (4) the reasonableness of any such requested accommodation; and/or (5) any failure to make any reasonable accommodation based on any known limitations. As such, Plaintiff has not pleaded sufficient facts to establish a plausible claim of discrimination based on disparate treatment or a failure-to-accommodate under the ADA or Rehab Act.

### C.   Plaintiff's ADA Claims Barred by Sovereign Immunity

### 1. Plaintiff fails to state a claim under Title II of the ADA.

Congress did not abrogate UT Austin's sovereign immunity from Plaintiff's ADA claims. For the reasons discussed above, Plaintiff has not stated a claim under Title II – the first step of

---

[7] Plaintiff alleges only that the alleged "disability and limitations were known by the 'covered entity', Defendant UT Austin …", not the respective faculty members.
[8] General academic advising is not an accommodation. [Dkt. 52 p.18]

the *Georgia* analysis. "If a plaintiff alleges *no* conduct that violates Title II, the inquiry ends." *Georgia,* 546 at 617, n.11. Because Plaintiff has alleged *no* conduct that violates Title II, her ADA claims must be dismissed for lack of jurisdiction pursuant to RULE 12(b)(1), based on UT Austin's sovereign immunity.

### 2. Plaintiff alleges no violation of any fundamental Fourteenth Amendment right.

Only if it is determined that aspects of UT Austin's alleged conduct violated Title II must the Court consider to what extent such misconduct also violated the Fourteenth Amendment. *Hale*, 642 F.3d at 498. Despite failing to state an ADA claim, Plaintiff also fails to allege any actual due process violation by UT Austin. For this element, Plaintiff's ADA claim must sufficiently allege a violation of some fundamental right under the Fourteenth Amendment. Plaintiff fails to meet her burden to articulate any such fundamental right in connection with her academic pursuits or how any alleged actions by UT Austin were "irrational".[9] [Dkt. 52 p.20]. Construing the factual complaint allegations in the light most favorable to Plaintiff, she alleges no impermissible interference with any alleged due process right. The complaint allegations implicate no Fourteenth Amendment concern because Plaintiff's allegations do not implicate any *fundamental* right. Absent any indication that the UT Austin ever curtailed or threatened any life, liberty, or property interest, any alleged conduct on the part of UT Austin could not have "actually violate[d]" Plaintiff's fundamental rights. *See U.S. v. Georgia*, 546 U.S. 151, 159 (2006). As such, Plaintiff fails to meet her burden to allege any violation of his Fourteenth Amendment due process rights to support an ADA claim.

---

[9] "[T]he burden is upon the challenging party to negative any reasonably conceivable state of facts that could provide a rational basis for the classification." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001).

### 3. Alternatively, there is no congruence/proportionality to support an ADA Claim.

If and only if Plaintiff stated a claim under Title II, must the Court further evaluate the validity of any purported abrogation of sovereign immunity as to the alleged conduct on the part of the UT Austin – that is a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end. While making reference to the Supreme Court's holding in *Tennessee v. Lane* (the access to courts case), Plaintiff fails to follow the *Lane* framework and does not: (1) identify any right Congress sought to enforce in its enactment of Title II; (2) outline specific historical experience of any alleged ADA violation; and/or (3) argue why Title II was an appropriate response to any history and pattern of unequal treatment in the academic context. Any remedy under the ADA is not congruent and proportional to the targeted violation. On the facts alleged, there is no abrogation of UT Austin's sovereign immunity, and Plaintiff's ADA claims should be dismissed.

### D. Claims Barred by Limitations

Plaintiff seemingly reasserts causes of action based upon: (1) UT Austin's alleged challenge to her financial aid in 2016; (2) alleged denial of accommodations in 2015 and requirement to select independent studies courses in late 2016; (3) denial of accommodations between 2015-2017; and (4) alleged denials of accommodations in Art and Italian courses in 2018. This Court previously dismissed those claims as barred by limitations ("as to the claims the Court identified as being barred by the statute of limitations, those claims are dismissed, and Valenzuela will not be permitted to amend them") and has rejected any discovery rule exception, other equitable tolling, or "continuing violation" theory, which Plaintiff attempts to revive now.[10] [Dkt.

---

[10] Plaintiff's reliance on *Pegram v. Honeywell*, 361 F.3d 272 (5th Cir. 2004) is misplaced. In *Pegram*, the court noted that the continuing violation doctrine applied only in claims based on hostile work environment. *Id.* at 279. *Pagan-Negron v. Seguin Indep. Sch. Dist.*, 974 F.Supp.2d 1020 (W.D. Tex. 2013) involved a hostile educational environment and, as such, is also unavailing. There is no such claim in the case at bar.

47]. Subject to and without waiving its other asserted defenses, the only potentially non-time barred acts upon which she rests her claims are: (1) the alleged denial of advising assistance in October 2018 [Dkt. 48 p.9]; (2) the alleged failure to schedule her Colloquium in November 2018 [Dkt. 48 p.14]; and (3) Dr. Clarke's refusal to "take Amanda on and advise Amanda as to Amanda's thesis" in Spring 2020 [Dkt. 48 p.12]. Looking to the complaint allegations of her causes of action based on alleged failures to accommodate [Dkt. 48 pp.20-22] (excluding the recycled time-barred claims), Plaintiff does not base her claims on any issue relating to any alleged denial of financial aid or registration, or any dispute over course requirements.

### E.     Plaintiff Lacks Standing

Finally, further arguing in the alternative, Plaintiff has wholly failed to meet her burden of establishing each aspect of legal standing to assert her ADA and Rehab Act claims. She fails to demonstrate any injury in fact that is fairly traceable to any conduct by UT Austin that would be redressed by a favorable judicial decision. Plaintiff fails to articulate any actual injuries with regard to the alleged discriminatory and/or retaliatory allegations, concerning advising assistance, scheduling, and/or any academic requirements to complete her program of study. [Dkt. 48 pp.8, 11, 14]. Allegations of conjectural or hypothetical injury are not sufficient to establish standing. Plaintiff alleges no injury following her readmission into the master's program. [Dkt. 48 p.14]. Plaintiff was informed on May 8, 2020 that the faculty had voted to readmit her to the program – within one month of her request. [Dkt. 48 p.16; Dkt. 27.7]. Although Plaintiff alleges she previously scheduled her Colloquium in November 2018, she had not met the requirements for scheduling it at that time because she had not completed and submitted her written prospectus for her thesis as required by the Guide to Graduate Studies in Art History. [Dkt. 27 pp.19-20]. She did not complete her written prospectus until July 2020 [Dkt. 27 p.20], after which time she scheduled

and completed her Colloquium [Dkt. 29 ¶ 3]. Not only did she fail to plead an injury; any relief in the form of readmission, advising assistance, thesis supervision, and/or scheduling and completion of her Colloquium are now moot. There exists no current obstacle to Plaintiff completing her course of study, nor does Plaintiff so plead.

Lastly, Plaintiff cannot show that any of her alleged injuries can be redressed by a favorable decision. It must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiff was readmitted to her graduate program years ago; was provided the necessary supervision of her thesis; completed her Colloquium; and continues to progress in her academic program in the Department of Art and Art History in the College of Fine Arts at UT Austin.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court grant its motion; dismiss each of Plaintiff's claims with prejudice; and grant any such other and further relief to which Defendant has shown itself to be justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

/s/ *Jeffrey E. Farrell*
JEFFREY E. FARRELL
Texas Bar No. 00787453
Federal Bar No. 16842
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
General Litigation Division - 019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2120
Facsimile: (512) 320-0667
jeffrey.farrell@oag.texas.gov

**ATTORNEY-IN-CHARGE FOR DEFENDANT
THE UNIVERSITY OF TEXAS AT AUSTIN**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served through CM/ECF filing on this the 24th day of June, 2022, upon the following counsel of record:

Keith Altman
33228 West 12 Mile Rd., Suite 375
Farmington Hills, MI 48334

*Via email:* keithaltman@kaltmanlaw.com

*/s/ Jeffrey E. Farrell*
**Jeffrey E. Farrell**
Assistant Attorney General